**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CARLOS O. NESBETH, AMIT GODAMBE, JENNY GALLERY, MISTY HOWELL and MICAH WEBB, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ICON CLINICAL RESEARCH, LLC, THE BOARD OF DIRECTORS OF ICON CLINICAL RESEARCH, LLC, THE 401(K) PLAN COMMITTEE OF ICON CLINICAL RESEARCH, LLC and JOHN DOES 1-30. <br><br> Defendants. | CIVIL ACTION NO.: **2:21-cv-01444-PD** |

**DECLARATION OF MARK K. GYANDOH IN SUPPORT OF PLAINTIFFS CARLOS O. NESBETH, AMIT GODAMBE, JENNY GALLERY, MISTY HOWELL, AND MICAH WEBB'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS, APPROVAL OF CLASS NOTICE, APPROVAL OF PLAN OF ALLOCATION, AND SCHEDULING OF A FAIRNESS HEARING**

I, Mark K. Gyandoh, Esquire, as Class Counsel, declare as follows:

1.     I am a member in good standing of the bar of the Commonwealth of Pennsylvania and have personal knowledge of the facts set forth below and, if called as a witness, I could and would testify competently thereto.

2.     I am chair of the Fiduciary Practice Group at Capozzi Adler, P.C., and have been the lead attorney for my firm in this litigation representing Plaintiffs and the proposed Settlement Class in the above-captioned action.

***Procedural History***

3.     Following several months of investigation, including engaging consulting experts, Plaintiffs Carlos O. Nesbeth, Amit Godambe, Jenny Gallery, Misty Howell, and Micah Webb filed

1

a Class Action Complaint ("Complaint") on March 26, 2021 (ECF No. 1) against three categories of Defendants: (1) ICON Clinical Research, LLC ("ICON"); The Board of Directors of ICON Clinical Research, LLC and its members (the "Board"), and The 401(k) Plan Committee of ICON Clinical Research, LLC and its members (the "Committee").  Plaintiffs alleged, *inter alia*, that throughout the putative Class Period (March 26, 2015 through the date of judgment), Defendants selected a slate of investment options for the Plan that were imprudent due to their high fees where identical funds – differing only in price – were available in the marketplace.  Plaintiffs alleged had there been a prudent process in place, the majority of these funds would have been replaced with the identical less expensive alternatives as early as the beginning of the Class Period.

4.     In addition to the aforementioned claims, Plaintiffs alleged the Plan suffered millions of dollars in damages due to unreasonably high recordkeeping fees that ranged from $126 $182 per participant annually when a reasonable amount should have been no more than $5 per participant.  Discovery showed the amount of recordkeeping fees to be much less than alleged in the Complaint.

5.     Plaintiffs' claims fell under three theories of liability.  The first theory is that during the Class Period, Defendants failed to, among other things, utilize the lower fee share classes that were identical in all ways except price to the funds already in the Plan ¶¶ 88-100 and failed to monitor or control the Plan's recordkeeping expenses ¶¶ 64-80.  The second theory is that Defendants failed to adequately monitor the Plan's other fiduciaries, ¶¶ 109-114.

6.     On June 1, 2021, Defendants filed Defendants' Answer and Defenses to Plaintiffs' Complaint (ECF No. 10).

7.     On September 27, 2021, Plaintiffs filed Plaintiffs' Motion for Class Certification (ECF Nos. 21 through 21-9).

8.      On November 15, 2021, Defendants filed Defendants' Memorandum of Law In Opposition to Plaintiffs' Motion for Class Certification (ECF Nos. 22 through 22-14).

9.      On November 19, 2021, Defendants' filed Defendants' Motion for Summary Judgment (ECF No. 23 through 23-4).

10.     On December 10, 2021, Plaintiffs filed Plaintiffs' FED. R. CIV. P. Rule 56(d) Response to Defendants' Motion for Summary Judgment (ECF Nos. 26 through 26-8).

11.     On December 15, 2021, Plaintiffs filed a Reply in Support of Plaintiffs' Motion for Class Certification (ECF No. 27).

12.     On December 23, 2021, the Parties filed a Notice of Settlement (ECF No. 28).

13.     On December 28, 2021, the Court entered an Order staying all deadlines in this case while the Parties prepare formal settlement documents and instructing the Parties to file all settlement materials to the Court no later than Friday, January 28, 2022 at 4:00 p.m. (ECF No. 29).

*Discovery Practice*

14.     On September 28, 2020, prior to filing suit, Plaintiffs requested numerous documents and information from Defendants pursuant to Section 104(b)(4) of ERISA.

15.     In response to Plaintiffs' request, on October 28, 2020, Defendants produced numerous responsive documents.

16.     On June 25, 2021, Plaintiffs served Plaintiffs' First Request for Production of Documents Directed to All Defendants to Defendants. Defendants served responses to Plaintiffs on July 30, 2021.

17.     On August 10, 2021, Plaintiffs served Plaintiffs' First Set of Interrogatories Directed to Defendants to Defendants.  Defendants served responses to Plaintiffs on September 30, 2021.

18.     On June 25, 2021, Defendants served Defendants' First Set of Interrogatories to All Named Plaintiffs and Defendants First Set of Requests for Production of Documents to Plaintiffs. Plaintiffs served responses to Defendants on August 13, 2021.

19.     On October 25, 2021, Plaintiff Micah Webb presented for a deposition.

20.     On October 26, 2021, Plaintiff Jenny Gallery presented for a deposition.

21.     On October 27, 2021, Plaintiff Carlos Nesbeth presented for a deposition.

22.     On November 4, 2021, Plaintiff Misty Howell presented for a deposition.

23.     On November 5, 2021, Plaintiff Amit Godambe presented for a deposition.

***Settlement Negotiations***

24.     Throughout the summer and fall months of 2021, counsel for both Parties exchanged numerous e-mails, phone calls, and letters in an effort to facilitate settlement negotiations.

25.     On December 6, 2021, Plaintiffs sent Defendants a confidential settlement demand.

26.     On December 13, 2021, Defendants responded to Plaintiffs' December 6, 2021 confidential settlement demand.

27.     On December 17, 2021, Plaintiffs responded to Defendants' December 13, 2021 correspondence with further information related to their confidential settlement demand.

28.     On December 19, 2021, Defendants' responded to Plaintiffs' December 17, 2021 letter.

29.     Throughout the month of December 2021, counsel for both Parties exchanged numerous emails and phone calls in an effort to reach an agreed upon settlement.

30.     On December 23, 2021, the Parties agreed to a settlement in principle, settling this matter for $950,000.00.   Several weeks of negotiations followed to finalize the terms of the

Settlement Agreement, which was executed on January 28, 2022.  The Settlement Agreement is attached hereto as Exhibit 1.  Based on the aforementioned negotiations and exchange of information, the Parties were able to negotiate a fair settlement that they believe to be in their respective best interests.

31.     After reviewing all of the relevant information, Plaintiffs determined maximum potential damages to the Plan to be under $2 million before calculation of prejudgment interest.

32.     It is Plaintiffs' counsel's opinion that the proposed settlement is fair and reasonable.

### The Settlement Terms

33.     The Settlement provides ICON (or its insurers) will pay $950,000.00 – the Gross Settlement Amount – to be allocated to participants on a pro-rata basis pursuant to the proposed Plan of Allocation (*see* Exhibit B to Settlement Agreement) in exchange for releases and dismissal of this action (described in Article 7 of the Settlement Agreement).

34.     The Gross Settlement Fund will be used to pay the participants' recoveries, administrative expenses to facilitate the Settlement, and Plaintiffs' counsel's attorneys' fees and costs, and Class Representatives' Compensation if awarded by the Court.

35.     The Class Members include all individuals in the Settlement Class, or:

> all persons who participated in the Plan at any time during the Class Period, including any Beneficiary of a deceased Person who participated in the Plan at any time during the Class Period, and any Alternate Payee of a Person subject to a QDRO who participated in the Plan at any time during the Class Period.  Excluded from the Settlement Class are Defendants and their Beneficiaries.

*See* Settlement Agreement, Section 1.44.  Class Period means the period from March 26, 2015 through the date of the Preliminary Approval Order.  *Id.*, Section 1.13.

36.     A portion of the funds from the Net Settlement Amount will be allocated to each Class Member in proportion to the sum of that Class Member's Balance as compared to the sum

of the Balance for all Class Members.  *See* Plan of Allocation at II.C.  Class Members who are entitled to a distribution of less than the minimum amount of $10.00 will receive $10.00, the De Minimis amount, from the Net Settlement Amount. *Id.* at II.D.  For Class Members with an Active Account (an account with a positive balance) as of March 31, 2022, each Class Member's Final Entitlement Amount will be allocated into their Plan account.  *Id.* at II.E. Former Participants shall be paid directly by the Settlement Administrator by check.  *Id*. at II.F.

37.    Class Counsel intends to seek to recover their attorneys' fees not to exceed $316,635.00.  *See* Settlement Agreement, Section 1.4.  Class Counsel also intends to seek to recover litigation costs and expenses advanced and carried by Class Counsel for the duration of this litigation, not to exceed $50,000.00.  *Id.*  Additionally, Class Counsel intends to seek Class Representatives' Case Contribution Awards in an amount not to exceed $10,000 each for Class Representatives Carlos O. Nesbeth, Amit Godambe, Jenny Gallery, Misty Howell, and Micah Webb.  *Id.*, Section 1.9.

38.    Defendants also intend to retain an Independent Fiduciary to approve and authorize the settlement on behalf of the Plan.  *See* Settlement Agreement, Sections 1.26, Article 2.  The fees and expenses of the Independent Fiduciary, not to exceed $25,000, will be paid from the Gross Settlement.  *Id.*, Sections 1.2, 2.1.3.

### Counsel's Experience

39.    I received both my J.D. (2001) and LLM in trial advocacy (2011) from Temple University School of Law.  While at Temple, I was the research editor for the Temple International and Comparative Law Journal.  After law school I clerked for a year with a Judge on the New Jersey State Appellate Court.

40.     I have been litigating ERISA fiduciary breach lawsuits for over 16 years, first at my prior firm of Kessler Topaz Meltzer & Check, LLP (KTMC), and currently at Capozzi Adler where, as noted above, I am chair of the Fiduciary Practice Group.  Over my career I have been actively involved in many high profile ERISA class actions.  For example, I was one of the lead attorneys for plaintiffs in *Fifth Third Bancorp, et al., v. Dudenhoeffer, et al.*, 573 U.S. 409, 134 S. Ct. 2459 (2014), a seminal Supreme Court decision that clarified the unwavering duties owed by fiduciaries to pension plan participants.  *See* biography at https://capozziadler.com/mark-k-gyandoh-esquire/.

41.     My partner Donald Reavey who chairs the firm's Litigation Practice Group is an experienced litigator frequently handling multi-million dollar disputes.  A 1998 graduate of Penn State, Dickinson School of Law, Mr. Reavey has leaned on his two-decade plus litigation experience in filing and litigating dozens of ERISA breach of fiduciary duty actions over the last several years. *See* biography at https://capozziadler.com/donald-r-reavey-esquire/.

42.     Other members of the Fiduciary Practice Group include Senior Associate Lisa Basial, a former Senior Deputy Attorney General at Office of Attorney General in Harrisburg.  *See* biography at https://capozziadler.com/lisa-w-basial-esquire/.  Ms. Basial is a graduate of the University of Pittsburgh School of Law and Joseph M. Katz Graduate School of Business where she earned a Juris Doctor Degree and a Master of Business Administration.  While working with the Attorney General's office, Ms. Basial tried more than twenty Federal jury trials to verdict.

43.     Our team also includes Mid-Level Associate, Gabrielle P. Kelerchian, a 2017 graduate of Villanova Law School with several years of litigation experience. *See* biography at https://capozziadler.com/gabrielle-p-kelerchian-esquire/.  Before joining Capozzi Adler, Ms. Kelerchian zealously represented individuals in medical malpractice and personal injury cases at

Philadelphia area law firms.  Rounding out the ERISA team are our support staff which include paralegals and other paraprofessionals who assist in the practice.

44.     Capozzi Adler has significant resources with three office locations.  We have been serving clients for over 23 years offering a full range of legal services.  I and my firm have been lead or co-lead interim counsel in dozens of ERISA breach of fiduciary duty actions.  Recently, Capozzi Adler was appointed interim co-lead class counsel in *Tracy et al. v. The American National Red Cross*, No. 1:21-cv-00541-EGS (D.D.C. Apr. 16, 2021) an ERISA class action analogous to the instant Action.  Capozzi Adler was also appointed co-lead class counsel in *Boley, et. al. v. Universal Health Services, Inc., et al.* 2021 WL 859399 (E.D.Pa. Mar. 8, 2021). Additionally, Capozzi has been appointed interim lead or co-lead class counsel in several analogous ERISA breach of fiduciary duty matters. *See, e.g., Bilello, et al., v. Estee Lauder, Inc., et al.*, No. 1:20-cv-04770-JMF (S.D.N.Y. Aug. 10, 2020) (Doc. 11.) (appointing Capozzi Adler interim lead class counsel); *Covington et al. v. Biogen Inc. et al.*, No. 1:20-cv-11325 (D. Mass. Oct. 6, 2020 (Doc. 24) (appointing Capozzi Adler interim Co-Lead Class Counsel); *Tepper et al. v. Omnicom Group et al.*, No. 20-cv-4141 (S.D.N.Y. Sept. 17, 2020) (Doc. 13) (same); *Johnson et al. v. Quest Diagnostics et al.*, No. 2:20cv07936 (D.N.J. Oct. 2, 2020) (Doc. 7) (same).

45.     Of particular importance here, while I was counsel at KTMC and in my current position, in the course of prosecuting ERISA class actions such as this, I have supervised the preparation of numerous consolidated pleadings, responses to motions to dismiss, drafting of discovery requests and review of hundreds of thousands of pages of plan-related documents and related documentation, and litigated cases through the summary judgment and trial phases.

46.     The firm strives to obtain the best results for class members in every circumstance. We have successfully defeated motions to dismiss similar allegations in numerous actions.  *See,*

*e.g., Kendall et al v. Pharmaceutical Product Development, LLC*, No. 7:20-cv-00071-D (ECF No. 28) (E.D.N.C. March 31, 2021) (upholding allegations that plan fiduciaries selected higher-priced identical share classes and overpaid for recordkeeping); *Davis v. Magna Int'l of America, Inc.*, 2021 WL 1212579 (E.D. Mich. March 31, 2021) (same); *Jones v. Coca-Cola Consolidated, Inc.*, No. 3:20-cv-00654-FDW-DSC (ECF No. 25) (W.D.N.C. March 31, 2021) (same); *McCool v. AHS Management Company, Inc.*, 2021 WL 826756 (M.D. Tenn. March 4, 2021) (same); *Parmer, et al. v. Land O'Lakes, Inc., et al.*, 2021 WL 464382 (D. Minn. Feb 9, 2021) (same); *In re Medstar ERISA Litig.*, 2021 WL 391701 (D. Md. Feb. 4, 2021) (same); *Silva v. Evonik Corp.* slip op. (D.N.J. Dec. 30, 2020) (same); *Pinnell, et al. v. Teva Pharmaceuticals USA, Inc., et al.*, 2020 WL 1531870 (E.D.Pa. Mar. 31, 2020).

47.     My firm has also engaged in successful settlement negotiations and mediations in ERISA actions, recovering millions of dollars for its clients and class members.  *See, e.g., Buescher, et al., v. Brenntag North America, Inc., et al.*, No. 5:20-cv-00147 (E. D. Pa. 2020) (recovered $2,300,000.00 class settlement); *Pinnell, et al., v. Teva Pharmaceuticals USA, Inc., et al.*, No. 2:19-cv-05738-MAK (E.D. Pa. 2019) (settlement in the amount of $2,550,000.00 after successful mediation); *Freck v. Cerner Corp., et al.*, No. 4:20-CV-00043-BCW (W.D. Mo. 2020) (recovered $4,050,000.00 class settlement); *Gerken, et al. v. ManTech Int'l Corp, et al.*, No. 1:20-cv-01536 (E.D. Va. 2020) (recovered $1,200,000.00 class settlement).

48.     Capozzi Adler also has the resources and commitment to deploy those resources on behalf of the proposed class in this case and has in fact done so as evidenced by our litigation efforts to date, including conducting discovery and attending mediation.

49.     Given my years of experience in this field of law, including, trying an analogous case to an unfavorable verdict for plaintiffs in *Brieger v. Tellabs, Inc.*, 659 F. Supp. 2d 967 (N.D.

Ill. 2009), I believe the settlement achieved in this case is adequate and certainly reasonable and fair.

### Plaintiffs Are Adequate Class Representatives

50.      The Settlement Class encompasses thousands of Plan participants.  At the end of 2020 there were over 7,000 participants with account balances in the Plan.  *See* 2020 Form 5500 filed with the U.S. Dept. of Labor.  Acknowledging that Class Notices have not been mailed to the Settlement Class, Plaintiffs are not aware of any Settlement Class members who intend to oppose the Settlement.

51.    Each of the Named Plaintiffs support the Settlement and have submitted declarations attesting to the work they have done on this matter.

52.    Attached as Exhibit 2  is the Declaration of Carlos O. Nesbeth in Support of the Settlement.

53.    Attached as Exhibit 3 is the Declaration of Amit Godambe in Support of the Settlement.

54.    Attached as Exhibit 4is the Declaration of Jenny Gallery in Support of the Settlement.

55.    Attached as Exhibit 5 is the Declaration of Misty Howell in Support of the Settlement.

56.    Attached as Exhibit 6 is the Declaration of Micah Webb in Support of the Settlement.

### Authority Supporting Appropriateness of Class Certification

57.    Having litigated almost exclusively ERISA breach of fiduciary duty actions over my career it is my experience that the types of claims asserted in this action are typically certified.

58.     Attached hereto as Exhibit 7 is a non-exhaustive list of more than seventy-five decisions from around the country in which courts certified classes in ERISA breach of fiduciary duty actions, like the instant action, including several decisions certifying classes in "excessive fee" suits.

I declare, pursuant to 28 U.S.C. §1746 and under penalty of perjury, that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed this 28th day of January, 2022, in Merion Station, Pennsylvania.

**CAPOZZI ADLER, P.C.**

*/s/ Mark K. Gyandoh*
Mark K. Gyandoh, Esquire

***Proposed Class Counsel***

EXHIBIT 1

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARLOS O. NESBETH, AMIT GODAMBE, JENNY GALLERY, MISTY HOWELL and MICAH WEBB, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ICON CLINICAL RESEARCH, LLC, THE BOARD OF DIRECTORS OF ICON CLINICAL RESEARCH, LLC, THE 401(K) PLAN COMMITTEE OF ICON CLINICAL RESEARCH, LLC and JOHN DOES 1-30.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CIVIL ACTION NO.: 21-cv-01444-PD** |

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement (the "Settlement Agreement") is entered into between and among the Class Representatives, all Class Members, and the Defendants.

NOW, THEREFORE, without any admission or concession on the part of the Class Representatives of any lack of merit of the Class Action, and without any admission or concession on the part of Defendants as to the merits of the allegations or claims asserted in the Class Action, it is hereby STIPULATED AND AGREED, by and among the Settling Parties to this Settlement Agreement, through their respective attorneys, subject to approval of the Court pursuant to Federal Rule of Civil Procedure 23(e), in consideration of the benefits flowing to the Settling Parties hereto from the Settlement Agreement, that all Released Claims as against the Released Parties shall be compromised, settled, released, and dismissed with prejudice, upon and subject to the following terms and conditions:

## 1.   ARTICLE 1 – DEFINITIONS

As used in this Settlement Agreement and the Exhibits hereto, unless otherwise defined, the following terms have the meanings specified below:

1.1.   "Active Account" means an individual investment account in the Plan with a balance greater than $0 as of March 31, 2022.

1.2.   "Administrative Expenses" means expenses incurred in the administration of this Settlement Agreement, including (a) all fees, expenses, and costs associated with providing the Settlement Notice to the Class Members, including but not limited to the fees of the Plan's Recordkeeper to identify the names and addresses of

Class Members; (b) related tax expenses (including taxes and tax expenses as described in Section 4.3); (c) all expenses and costs associated with the distribution of funds under the Plan of Allocation, including but not limited to the fees of the Plan's Recordkeeper associated with implementing this Settlement Agreement, facilitating the distribution of funds under the Plan of Allocation, and gathering the data necessary to prepare the Plan of Allocation; (d) all fees and expenses of the Settlement Administrator and Escrow Agent; (e) all fees and expenses of the Independent Fiduciary, not to exceed $25,000; and (f) all fees, expenses, and costs associated with providing CAFA Notices.  Excluded from Administrative Expenses are the Settling Parties' respective legal fees and expenses.  Administrative Expenses shall be paid from the Gross Settlement Amount.

1.3.    "Alternate Payee" means a Person other than a participant or Beneficiary in the Plan who is entitled to a benefit under the Plan as a result of a QDRO.

1.4.    "Attorneys' Fees and Costs" means the amount awarded by the Court as compensation for the services provided by Class Counsel.  The amount of attorneys' fees for Class Counsel shall not exceed 33 1/3% of the Gross Settlement Amount (a maximum amount of $316,635.00), which shall be recovered from the Gross Settlement Amount.  Class Counsel also will seek reimbursement for all litigation costs and expenses advanced and carried by Class Counsel for the duration of this Class Action, including the pre-litigation investigation period, not to exceed $50,000.00, which also shall be recovered from the Gross Settlement Amount.

1.5.    "Authorized Administrator" means any entity, other than the Recordkeeper, with appropriate administrative authority under the Plan.

1.6.    "Beneficiary" means any individual, trust, estate, or other recipient entitled to receive death benefits payable under the Plan, on either a primary or contingent basis, other than an Alternate Payee.

1.7.    "CAFA" means the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711-1715.

1.8.    "CAFA Notice" means notice of this proposed Settlement to the appropriate federal and state officials pursuant to CAFA, to be issued by Defendants, substantially in the form set forth in Exhibit E hereto.

1.9.    "Case Contribution Awards" means the monetary amount awarded by the Court to each Class Representative in recognition of the Class Representative's assistance in the prosecution of this Class Action, for which Class Counsel may seek an amount not exceeding $10,000 per Class Representative payable from the Gross Settlement Amount.  Any such Case Contribution Award shall be subject to the approval of the Court.

1.10.   "Class Action" means *Nesbeth, et al. v. ICON Clinical Research, LLC., et al.*, Case No. 2:21-cv-01444-PD, in the United States District Court for the Eastern District of Pennsylvania.

1.11.   "Class Counsel" means Capozzi Adler, P.C.

1.12.   "Class Members" means all individuals in the Settlement Class, including the Class Representatives.

1.13.   "Class Period" means the period from March 26, 2015, through the date of the Preliminary Approval Order.

1.14.   "Class Representatives" means Carlos O. Nesbeth, Amit Godambe, Jenny Gallery, Misty Howell and Micah Webb.

1.15.   "Complaint" means the Complaint filed on March 26, 2021.

1.16.   "Court" means the United States District Court for the Eastern District of Pennsylvania.

1.17.   "Defendants" means ICON Clinical Research LLC; The Board of Directors of ICON Clinical Research LLC, The 401(k) Plan Committee of ICON Clinical Research LLC; and John Does 1-30.

1.18.   "Defense Counsel" means Morgan, Lewis & Bockius LLP.

1.19.   "Escrow Agent" means JND Legal Administration, or another entity agreed to by the Settling Parties.

1.20.   "ERISA" means the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.*

1.21.   "Fairness Hearing" means the hearing scheduled by the Court to consider (a) any objections by Class Members to the Settlement; (b) Class Counsel's petition for Attorneys' Fees and Costs and Class Representatives' Case Contribution Awards; and (c) whether to finally approve the Settlement under Fed. R. Civ. P. 23(e).  The Parties agree that the Fairness Hearing may be conducted telephonically or via videoconferencing.

1.22.   "Final" means, with respect to any judicial ruling, order, or judgment, that the period for any motions for reconsideration, motions for rehearing, appeals, petitions for certiorari, or the like ("Review Proceeding") has expired without the initiation of a Review Proceeding, or, if a Review Proceeding has been timely initiated, that it has been fully and finally resolved, either by court action or by voluntary action of any party, without any possibility of a reversal, vacatur, or modification of any judicial ruling, order, or judgment, including the exhaustion of all proceedings in any remand or subsequent appeal and remand.  The Settling

Parties agree that absent an appeal or other attempted Review Proceeding, the period after which the Final Order becomes Final is thirty-five (35) calendar days after its entry by the Court.

1.23.   "Final Order" means the entry of the order and final judgment approving the Settlement Agreement, implementing the terms of this Settlement Agreement, and dismissing the Class Action with prejudice, to be proposed by the Settling Parties for approval by the Court, in substantially the form attached as Exhibit D hereto.

1.24.   "Former Participant" means a member of the Settlement Class who does not have an Active Account as of March 31, 2022.

1.25.   "Gross Settlement Amount" means the sum of nine hundred fifty thousand dollars ($950,000), contributed to the Qualified Settlement Fund in accordance with Article 5.  Defendants shall cause this amount to be paid directly by their fiduciary liability insurer.  The Gross Settlement Amount shall be the full and sole monetary payment to the Settlement Class, Plaintiffs, and Class Counsel made by or on behalf of Defendants in connection with the Settlement effectuated through this Settlement Agreement.  Neither Defendants nor their insurer(s) will make any additional payment in connection with the Settlement of the Class Action.

1.26.   "ICON" means ICON Clinical Research LLC.

1.27.   "Independent Fiduciary" means an independent fiduciary who will serve as a fiduciary to the Plan to approve and authorize the settlement of Released Claims on behalf of the Plan in accordance with Section 2.1 that has no relationship or interest in any of the Settling Parties.

1.28.   "Net Settlement Amount" means the Gross Settlement Amount minus (a) all Attorneys' Fees and Costs paid to Class Counsel as authorized by the Court; (b) all Case Contribution Awards as authorized by the Court; (c) all Administrative Expenses; and (d) a contingency reserve not to exceed an amount to be mutually agreed upon by the Settling Parties that is set aside by the Settlement Administrator for (1) Administrative Expenses incurred before the Settlement Effective Date but not yet paid, (2) Administrative Expenses estimated to be incurred after the Settlement Effective Date, and (3) an amount estimated for adjustments of data or calculation errors.

1.29.   "Person" means an individual, partnership, corporation, governmental entity or any other form of entity or organization.

1.30.   "Plaintiffs" means the Class Representatives and each member of the Settlement Class.

1.31.   "Plan" means the ICON Clinical Research LLC 401(k) Plan, and each of its predecessor plans, successor plans, merged and/or acquired plans, individually and collectively, and any trust created under such plans.

1.32.   "Plan of Allocation" means the method of allocating settlement funds to Class Members.  A proposed form of the Plan of Allocation is attached hereto as Exhibit B.

1.33.   "Preliminary Approval Order" means the order of the Court in substantially the form attached hereto as Exhibit C, whereby the Court preliminarily approves this Settlement.

1.34.   "QDRO" means a Qualified Domestic Relations Order within the meaning of 26 U.S.C. § 414(p).

1.35.   "Qualified Settlement Fund" or "Settlement Fund" means the interest-bearing settlement fund account to be established and maintained by the Escrow Agent in accordance with Article 5 herein and referred to as the Qualified Settlement Fund (within the meaning of Treas. Reg. § 1.468B-1).

1.36.   "Recordkeeper" means the entity that maintains electronic records of the Plan's participants and their individual accounts.

1.37.   "Released Claims" means any and all past, present, and future actual or potential claims (including claims for any and all losses, damages, unjust enrichment, attorneys' fees, disgorgement, litigation costs, injunction, declaration, contribution, indemnification or any other type or nature of legal or equitable relief), actions, demands, rights, obligations, liabilities, expenses, costs, and causes of action, accrued or not, whether arising under federal, state, or local law, whether by statute, contract, or equity, whether brought in an individual or representative capacity, whether accrued or not, whether known or unknown, suspected or unsuspected, foreseen or unforeseen based in whole or in part on acts or failures to act through the date of the Final Order:

   1.37.1.   That were asserted in the Class Action, or that arise out of, relate to, or are based on any of the allegations, acts, omissions, facts, matters, transactions, or occurrences that were alleged, or could have been alleged, in the operative Complaint filed in the Class Action; and/or

   1.37.2.   That arise out of, relate in any way to, are based on, or have any connection with (a) the selection, oversight, retention, monitoring, compensation, fees, or performance of the Plan's investment options or service providers; (b) fees, costs, or expenses charged to, paid, or reimbursed by the Plan or any Class Member; (c) disclosures or failures to disclose information regarding the Plan's investment options, fees, or service providers; (d) the compensation received by the Plan's service providers; (e) the services provided to the Plan or the costs of those services; (f) the payment of compensation based on a percentage of total assets; (g) the management, oversight or administration of the Plan or its fiduciaries; (h) the use of Plan-related information by any of the Plan's service providers, including in marketing and selling investment and

wealth management products to the Plan's participants; or (i) alleged breach of the duty of loyalty, care, prudence, diversification, or any other fiduciary duties or prohibited transactions under ERISA; or

1.37.3.   That would be barred by *res judicata* based on entry of the Final Order; or

1.37.4.   That relate to the direction to calculate, the calculation of, and/or the method or manner of allocation of the Qualified Settlement Fund to the Plan or any Class Member in accordance with the Plan of Allocation; or

1.37.5.   That relate to the approval by the Independent Fiduciary of the Settlement, unless brought against the Independent Fiduciary alone.

1.37.6.   The Class Representatives, Class Members, and the Plan expressly waive and relinquish, to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by Section 1542 of the California Civil Code, which provides that a "general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor," and any similar state, federal or other law, rule or regulation or principle of common law of any domestic governmental entity.

1.37.7.   "Released Claims" does not include any claims unrelated to this Settlement that the Class Representatives or the Settlement Class may have to the value of their respective vested account balances under the terms of the Plan and according to the Plan's records as of the date the Settlement becomes Final.

1.38.   "Released Parties" means (a) Defendants; (b) Defendants' insurers, co-insurers, and reinsurers; (c) ICON's direct and indirect past, present, and future affiliates, parents, subsidiaries, divisions, joint ventures, predecessors, successors, successors-in-interest, assigns, boards of trustees, boards of directors, officers, trustees, directors, partners, agents, managers, members, employees or heirs (including any individuals who serve or served in any of the foregoing capacities, such as members of the boards of trustees or boards of directors that are associated with any of Defendants' past, present, and future affiliates), and each Person that controls, is controlled by, or is under common control with them; (d) the Plan and the Plan's current and past fiduciaries, administrators, plan administrators, recordkeepers, service providers, consultants, attorneys, agents, insurers and parties-in-interest; and (e) Defendants' independent contractors, representatives, attorneys, administrators, insurers, fiduciaries, accountants, auditors, advisors, consultants, personal representatives, spouses, heirs, executors, administrators, associates, employee benefit plan fiduciaries (with the exception of the Independent Fiduciary), employee benefit plan administrators, service providers to the Plan (including their owners and employees), members of their

immediate families, consultants, subcontractors, and all persons acting under, by, through, or in concert with any of them.

1.39. "Representatives" shall mean representatives, attorneys, agents, directors, officers, or employees.

1.40. "Review Proceeding" shall have the meaning set forth in Section 1.22.

1.41. "Settlement" means the settlement to be consummated under this Settlement Agreement and its exhibits, including any modifications or amendments adopted pursuant to Section 14.13.

1.42. "Settlement Administrator" means JND Legal Administration, the entity selected and retained by Class Counsel to administer the Settlement and Plan of Allocation.

1.43. "Settlement Agreement" means this agreement embodying the terms of the Settlement, including any modifications or amendments hereto.

1.44. "Settlement Agreement Execution Date" means the date on which the final signature is applied to this Settlement Agreement.

1.45. "Settlement Class" means all persons who participated in the Plan at any time during the Class Period, including any Beneficiary of a deceased Person who participated in the Plan at any time during the Class Period, and any Alternate Payee of a Person subject to a QDRO who participated in the Plan at any time during the Class Period.  Excluded from the Settlement Class are Defendants and their Beneficiaries.

1.46. "Settlement Effective Date" means the date on which the Final Order is Final, provided that by such date the Settlement has not been terminated in accordance with Article 12.

1.47. "Settlement Notice" means the Notice of Class Action Settlement and Fairness Hearing to be sent to Class Members identified by the Settlement Administrator following the Court's issuance of the Preliminary Approval Order, in substantially the form attached hereto as Exhibit A.  The Settlement Notice shall inform Class Members of a Fairness Hearing to be held with the Court, on a date to be determined by the Court, at which any Class Member satisfying the conditions set forth in the Preliminary Approval Order and the Settlement Notice may be heard regarding (a) the terms of the Settlement Agreement; (b) the petition of Class Counsel for award of Attorneys' Fees and Costs; (c) payment of and reserve for Administrative Expenses; and (d) Class Representatives' Case Contribution Awards.

1.48. "Settling Parties" means the Defendants and the Class Representatives, on behalf of themselves, the Plan, and each of the Class Members.

1.49.   "Stipulated Protective Order" means the stipulated protective order that the Settling Parties will submit to the Court to enter as part of this Settlement to ensure the confidentiality and protection of information and data related to Class Members provided during the settlement administration process.

1.50.   "Successor-In-Interest" shall mean a Person or Party's estate, legal representatives, heirs, successors or assigns, including successors or assigns that result from corporate mergers or other structural changes.

1.51.   "Transferor" means ICON, as the "transferor" within the meaning of Treas. Reg. § 1.468B-1(d)(1).

## 2.   ARTICLE 2 – REVIEW AND APPROVAL BY INDEPENDENT FIDUCIARY, PRELIMINARY SETTLEMENT APPROVAL, AND NOTICE TO THE CLASS

2.1.   <u>Independent Fiduciary</u>.  The Independent Fiduciary, retained by Defendants on behalf of the Plan, shall have the following responsibilities, including whether to approve and authorize the settlement of Released Claims on behalf of the Plan.

2.1.1.   The Independent Fiduciary shall comply with all relevant conditions set forth in Prohibited Transaction Class Exemption 2003-39, "Release of Claims and Extensions of Credit in Connection with Litigation," issued December 31, 2003, by the United States Department of Labor, 68 Fed. Reg. 75,632, as amended ("PTE 2003-39"), in making its determination.

2.1.2.   The Independent Fiduciary shall notify Defendants directly of its determination, in writing (with copies to Class Counsel and Defense Counsel), which notification shall be delivered no later than thirty (30) calendar days before the Fairness Hearing.

2.1.3.   All fees and expenses associated with the Independent Fiduciary's determination and performance of its other obligations in connection with the Settlement, up to $25,000, will constitute Administrative Expenses to be deducted from the Gross Settlement Amount.

2.1.4.   Defendants, Defense Counsel, and Class Counsel shall respond to reasonable requests by the Independent Fiduciary for information so that the Independent Fiduciary can review and evaluate the Settlement Agreement.

2.1.5.   If Defendants conclude that the Independent Fiduciary's determination does not comply with PTE 2003-39 or is otherwise deficient, Defendants shall so inform the Independent Fiduciary within fifteen (15) calendar days of receipt of the determination.

2.1.6. A copy of the Independent Fiduciary determination letter and report shall be provided to Class Counsel who may file it with the Court in support of Final approval of the Settlement.

2.2. <u>Preliminary Approval</u>.  As soon as reasonably possible and subject to any relevant Court Order, the Class Representatives, through Class Counsel, shall file with the Court motions seeking preliminary approval of this Settlement Agreement and for entry of the Preliminary Approval Order in substantially the form attached hereto as Exhibit C.  Defendants will not object to these motions.  The Preliminary Approval Order to be presented to the Court shall, among other things:

2.2.1. Grant the motion to certify the Settlement Class as a non-opt out class for settlement purposes only under Fed. R. Civ. P. 23(b)(1);

2.2.2. Approve the text of the Settlement Notice for mailing to Class Members;

2.2.3. Determine that under Fed. R. Civ. P. 23(c)(2), the Settlement Notices constitute the best notice practicable under the circumstances, provide due and sufficient notice of the Fairness Hearing and of the rights of all Class Members, and comply fully with the requirements of Fed. R. Civ. P. 23, the Constitution of the United States, and any other applicable law;

2.2.4. Cause the Settlement Administrator to send by first-class mail the Settlement Notice to each Class Member identified by the Settlement Administrator based upon the data provided by the Plan's Recordkeeper;

2.2.5. Provide that, pending final determination of whether the Settlement Agreement should be approved, no Class Member may directly, through Representatives, or in any other capacity, commence any action or proceeding in any court or tribunal asserting any of the Released Claims against Defendants, the Released Parties, and/or the Plan;

2.2.6. Set the Fairness Hearing for no sooner than one hundred twenty (120) calendar days after the date the motion for entry of the Preliminary Approval Order is filed, in order to determine whether (a) the Court should approve the Settlement as fair, reasonable, and adequate; (b) the Court should enter the Final Order; and (c) the Court should approve the application for Attorneys' Fees and Costs, Class Representatives' Case Contribution Awards, Administrative Expenses incurred to date, and a reserve for anticipated future Administrative Expenses;

2.2.7. Provide that any objections to any aspect of the Settlement Agreement shall be heard, and any papers submitted in support of said objections shall be considered, by the Court at the Fairness Hearing if they have been filed validly with the Clerk of the Court and copies provided to Class Counsel and Defense Counsel.  To be filed validly, the objection

9

and any notice of intent to participate or supporting documents must be filed at least thirty (30) calendar days prior to the scheduled Fairness Hearing.  Any Person wishing to speak at the Fairness Hearing shall file and serve a notice of intent to participate within the time limitation set forth above;

2.2.8.  Provide that any party may file a response to an objection by a Class Member;

2.2.9.  Provide that the Fairness Hearing may, without further direct notice to the Class Members, other than by notice to Class Counsel, be adjourned or continued by order of the Court; and

2.2.10.  Approve the form of the CAFA Notice attached as Exhibit E and order that upon mailing of the CAFA Notices, Defendants shall have fulfilled their obligations under CAFA.

2.3.  <u>Settlement Administrator</u>.  Defendants and Defense Counsel shall use reasonable efforts to respond timely to written requests, including by e-mail, from the Settlement Administrator for readily accessible data that is reasonably necessary to determine the feasibility of administering the Plan of Allocation or to implement the Plan of Allocation.  The actual and reasonable expenses of any third party, including the Plan's Recordkeeper, that are necessary to perform such work shall be Administrative Expenses to be deducted from the Gross Settlement Amount.

2.3.1.  The Settlement Administrator must agree to be bound by the Stipulated Protective Order and any further non-disclosure or security protocol required by the Settling Parties.

2.3.2.  The Settlement Administrator shall use the data provided by Defendants and the Plan's Recordkeeper solely for the purpose of meeting its obligations as Settlement Administrator, and for no other purpose.

2.3.3.  At the request of the Settling Parties, the Settlement Administrator shall provide a written protocol addressing how the Settlement Administrator will maintain and store information provided to it in order to ensure that reasonable and necessary precautions are taken to safeguard the privacy and security of such information.

2.4.  <u>Settlement Notice</u>.  By the date and in the manner set by the Court in the Preliminary Approval Order, and unless otherwise set forth below, the Settlement Administrator shall cause to be sent to each Class Member identified by the Settlement Administrator a Settlement Notice in the form and manner to be approved by the Court, which shall be in substantially the form attached hereto as Exhibit A or a form subsequently agreed to by the Settling Parties and approved by the Court.  The Settlement Administrator shall use commercially reasonable

efforts to locate any Class Member whose Settlement Notice is returned and re-send such documents one additional time.

2.5.    CAFA Notice.  No later than ten (10) calendar days after the filing of the motion for preliminary approval of the Settlement, Defendants will prepare and serve the CAFA Notice in substantially the form attached as Exhibit E hereto on the Attorney General of the United States, the Secretary of the Department of Labor, and the attorneys general of all states in which Class Members reside, as specified by 28 U.S.C. § 1715. In the event that the Preliminary Approval Order provides for any modifications to the CAFA Notice, then the Settlement Administrator (or other entity selected by the Parties) will prepare and serve supplemental or amended CAFA Notice(s) as appropriate.

## 3.    ARTICLE 3 – FINAL SETTLEMENT APPROVAL

3.1.    No later than thirty (30) days before the date for filing Objections set in the Preliminary Approval Order, Class Counsel shall submit to the Court a motion for entry of the Final Order (Exhibit D) in the form approved by Class Counsel and Defense Counsel, which shall request approval by the Court of the terms of this Settlement Agreement and entry of the Final Order in accordance with this Settlement Agreement.  The Final Order as proposed by the Settling Parties shall provide for the following, among other things, as is necessary to carry out the Settlement consistent with applicable law and governing Plan documents:

3.1.1.    Approval of the Settlement of the Released Claims covered by this Settlement Agreement adjudging the terms of the Settlement Agreement to be fair, reasonable, and adequate to the Plan and the Class Members and directing the Settling Parties to take the necessary steps to effectuate the terms of the Settlement Agreement;

3.1.2.    A determination under Fed. R. Civ. P. 23(c)(2) that the Settlement Notice constitutes the best notice practicable under the circumstances and that due and sufficient notice of the Fairness Hearing and the rights of all Class Members has been provided;

3.1.3.    Dismissal with prejudice of the Class Action and all Released Claims asserted therein whether asserted by Class Representatives on their own behalf or on behalf of the Class Members, or on behalf of the Plan, without costs to any of the Settling Parties other than as provided for in this Settlement Agreement;

3.1.4.    That the Plan and each Class Member (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns) shall be (a) conclusively deemed to have, and by operation of the Final Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged the Released Parties from all

Released Claims; and (b) barred and enjoined from suing the Released Parties in any action or proceeding alleging any of the Released Claims.

3.1.5.    That each Class Member shall release the Released Parties, Defense Counsel, and Class Counsel for any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses;

3.1.6.    That the provisions of Sections 3.1.4 and 3.1.5 shall apply even if any Class Member may thereafter discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Class Action and the Released Claims, whether or not such Class Members receive a monetary benefit from the Settlement, whether or not such Class Members actually received the Settlement Notice, whether or not such Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed;

3.1.7.    That all applicable CAFA requirements have been satisfied;

3.1.8.    That the Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Class Member in accordance with the Plan of Allocation approved by the Court;

3.1.9.    That, with respect to any matters that arise concerning the implementation of distributions to Class Members who are current participants in the Plan (after allocation decisions have been made by the Settlement Administrator in its sole discretion pursuant to the Plan of Allocation), all questions not resolved by the Settlement Agreement shall be resolved by the Plan administrator or other fiduciaries of the Plan, in accordance with applicable law and the governing terms of the Plan; and

3.1.10.   That within twenty-one (21) calendar days following the issuance of all settlement payments to Class Members as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each Person who received a settlement payment or contribution from the Qualified Settlement Fund and the amount of such payment or contribution.

3.2.    The Final Order and judgment entered by the Court approving the Settlement Agreement shall provide that upon its entry, all Settling Parties, the Settlement Class and the Plan shall be bound by the Settlement Agreement and the Final Order.

**4.    ARTICLE 4 – ESTABLISHMENT OF QUALIFIED SETTLEMENT FUND**

4.1.    No later than ten (10) business days after the Preliminary Approval Order is issued, the Settlement Administrator shall establish the Qualified Settlement Fund with the Escrow Agent.  The Settling Parties agree that the Qualified Settlement Fund is intended to be, and will be, an interest-bearing "qualified settlement fund" within the meaning of Section 468B of the Code and Treas. Reg. § 1.468B-1.  In addition, the Settlement Administrator shall timely make such elections as necessary or advisable to carry out the provisions of this Section 4.1.  If applicable, the Settlement Administrator (as the "administrator" pursuant to Section 4.2) and the Transferor shall fully cooperate in filing the "relation-back election" (as defined in Treas. Reg. § 1.468B-1(j)(2)) to treat the Qualified Settlement Fund as coming into existence as a "qualified settlement fund" within the meaning of Section 468B of the Code and Treas. Reg. § 1.468B-1 as of the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Settlement Administrator to prepare and deliver, in a timely and proper manner, the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to be timely made.

4.2.    The "administrator" within the meaning of Treas. Reg. § 1.468B-2(k)(3) shall be the Settlement Administrator.  The Settlement Administrator shall timely and properly cause to be filed on behalf of the Qualified Settlement Fund all informational and other tax returns required to be filed in accordance with Treas. Reg. §§ 1.468B-2(k) and -2(l) with respect to the Gross Settlement Amount (including without limitation applying for a taxpayer identification number for the Qualified Settlement Fund pursuant to Internal Revenue Service Form SS-4 and in accordance with Treas. Reg. § 1.468B-2(k)(4)).  Such returns as well as any election described in Section 4.1 shall be consistent with this Article 4 and, in all events, shall reflect that all taxes (including any estimated taxes, interest, or penalties) on the income earned by the Qualified Settlement Fund shall be deducted and paid from the Gross Settlement Amount as provided in Section 4.3.

4.3.    Taxes and tax expenses are Administrative Expenses to be deducted and paid from the Gross Settlement Amount, including but not limited to: (a) all taxes (including any estimated taxes, interest, or penalties) arising with respect to the income earned by the Gross Settlement Amount, including any taxes or tax detriments that may be imposed upon Defendants with respect to any income earned by the Gross Settlement Amount for any period during which the Gross Settlement Fund does not qualify as a "qualified settlement fund" within the meaning of Section 468B of the Code and Treas. Reg. § 1.468B-1; and (b) all tax expenses and costs incurred in connection with the operation and implementation

of this Article 4 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this Article 4). Such taxes and tax expenses shall be Administrative Expenses and shall be paid timely by the Settlement Administrator out of the Gross Settlement Amount without prior order from the Court. The Settlement Administrator shall ensure compliance with withholding and reporting requirements in accordance with Treas. Reg. § 1.468B-2(l) and shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to any Class Member any funds necessary to pay such amounts, including the establishment of adequate reserves for any taxes and tax expenses; neither the Released Parties, Defense Counsel, nor Class Counsel are responsible nor shall they have any liability therefor. The Settling Parties agree to cooperate with the Settlement Administrator, Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Article 4.

4.4.    Within twenty-one (21) calendar days after the later of (a) the date the Preliminary Approval Order is entered, or (b) the date the Qualified Settlement Fund is established and the Settlement Administrator (or Class Counsel) has furnished to Defendants and/or Defense Counsel in writing the Qualified Settlement Fund name, IRS W-9 Form, and all necessary wiring instructions, then the Transferor shall cause its insurer(s) to deposit one hundred thousand dollars ($100,000) into the Qualified Settlement Fund as the first installment of the Gross Settlement Amount.

4.5.    Within ten (10) business days after the Settlement Effective Date, the Transferor shall cause its insurer(s) to deposit the remainder of the Gross Settlement Amount, which is eight hundred fifty thousand dollars ($850,000), into the Qualified Settlement Fund.

4.6.    The Settlement Administrator shall, at the written direction of Class Counsel, cause the Escrow Agent to invest the Qualified Settlement Fund in short-term United States Agency or Treasury Securities or other instruments backed by the Full Faith and Credit of the United States Government or an agency thereof, or fully insured by the United States Government or an agency thereof, and shall cause the Escrow Agent to reinvest the proceeds of these investments as they mature in similar instruments at their then-current market rates.

4.7.    The Settlement Administrator shall not disburse the Gross Settlement Amount or any portion thereof from the Qualified Settlement Fund except as provided in this Settlement Agreement, in an order of the Court, or in a subsequent written stipulation between Class Counsel and Defense Counsel. Subject to the orders of the Court, the Settlement Administrator is authorized to execute such transactions as are consistent with the terms of this Settlement Agreement.

4.8.    The Settlement Administrator shall be responsible for making provision for the payment from the Qualified Settlement Fund of all taxes and tax expenses, if any,

owed with respect to the Qualified Settlement Fund, and for all tax reporting, remittance, and/or withholding obligations, if any, for amounts distributed from it. The Released Parties, Defense Counsel, and/or Class Counsel have no responsibility or any liability for any taxes or tax expenses owed by, or any tax reporting or withholding obligations, if any, of the Qualified Settlement Fund.

4.9.   No later than February 15 of the year following the calendar year in which Defendants, their insurer(s), or agents make any transfer to the Qualified Settlement Fund pursuant to the terms of this Article 4, Defendants, their insurers, or agents shall timely furnish a statement to the Settlement Administrator that complies with Treas. Reg. § 1.468B-3(e)(2), which may be a combined statement under Treas. Reg. § 1.468B-3(e)(2)(ii), and shall attach a copy of the statement to its federal income tax return filed for the taxable year in which Defendants, their insurers, or agents makes a transfer on its behalf to the Qualified Settlement Fund.

## 5.   PAYMENTS FROM THE QUALIFIED SETTLEMENT FUND

5.1.   <u>Disbursements from Qualified Settlement Fund prior to Settlement Effective Date</u>.  Class Counsel, subject to the approval of Defendants, which approval shall not be unreasonably withheld, shall direct the Escrow Agent to disburse money from the Qualified Settlement Fund as follows:

5.1.1.   <u>Settlement Notice Expenses</u>.  After entry of the Preliminary Approval Order, the Escrow Agent shall be directed in writing to disburse from the Qualified Settlement Fund an amount sufficient for the payment of costs of the Settlement Notice.  Class Counsel has selected the Settlement Administrator to assist with Class Notice, and Defendants agreed to this selection.  The Settlement Administrator shall enter into a confidentiality agreement and information security agreement to adequately protect information provided to the Settlement Administrator relating to the Settlement.  Any costs, expenses, or fees incurred in connection with the administration of this Settlement shall be paid out of the Qualified Settlement Fund.  Neither Defendants nor Defense Counsel are responsible for the Settlement Administrator's work, nor may they be held liable for any act or omission by the Settlement Administrator.

5.1.2.   For taxes and expenses of the Qualified Settlement Fund as provided in Section 4.3.

5.1.3.   For fees and expenses of the Independent Fiduciary.  The Escrow Agent shall be directed to disburse money from the Qualified Settlement Fund to pay the reasonable fees and expenses of the Independent Fiduciary, retained pursuant to Article 2.1, in an amount not to exceed $25,000. To the extent Defendants and/or their insurer(s) pay any costs, fees or expenses to the Independent Fiduciary before proceeds from the Qualified Settlement Fund are available for distribution, the Escrow

Agent shall be directed to reimburse Defendants and/or their insurer(s) for such amounts.

5.1.4.  For costs and expenses of the Settlement Administrator in implementing the Plan of Allocation and otherwise administering the Settlement.

5.1.5.  For costs and expenses incurred by the Recordkeeper (or Authorized Administrator) in implementing this Settlement.  To the extent Defendants are responsible for paying these costs, they will have the right to recover any sums paid from the Qualified Settlement Fund.

5.2.  Following the payment of the second installment of the Gross Settlement Amount as set forth in Section 4.5, Class Counsel shall direct the Escrow Agent to disburse money from the Qualified Settlement Fund as follows:

5.2.1.  For Attorneys' Fees and Costs, as approved by the Court, and within ten (10) business days of the Settlement Effective Date. The Court's failure to approve in part any application for Attorneys' Fees and Costs sought by Class Counsel shall not prevent the Settlement Agreement from becoming effective, nor shall it be grounds for termination of the Settlement.  In the event that the Settlement Agreement does not become effective, or the judgment or the order making the fee and cost award is reversed or modified, or the Settlement Agreement is canceled or terminated for any other reason, and such reversal, modification, cancellation or termination becomes Final and not subject to review, and in the event that the fee and cost award has been paid to any extent, then Class Counsel with respect to the entire fee and cost award shall within thirty (30) business days from receiving notice from the Defendants' counsel or from a court of appropriate jurisdiction, refund to the Qualified Settlement Fund such fees and expenses previously paid to it from the Qualified Settlement Fund plus interest thereon at the same rate as earned on the Qualified Settlement Fund in an amount consistent with such reversal or modification.  Class Counsel, as a condition of receiving such fees and costs, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.  Class Counsel and Defendants each agree to pay or reimburse the other party for attorneys' fees and expenses such other party is required to incur by reason of any formal motion, suit, or action brought to enforce this Paragraph 5.3 of the Settlement Agreement.

5.2.2.  For Class Representatives' Case Contribution Awards, as approved by the Court, and no later than fifteen (15) business days following the Settlement Effective Date.

5.2.3.   For costs and expenses of the Settlement Administrator in implementing the Plan of Allocation and otherwise administering the Settlement that were not previously paid.

5.2.4.   For costs and expenses incurred by the Recordkeeper (or Authorized Administrator) in implementing this Settlement that were not previously paid.  To the extent that Defendants are responsible for paying these costs, they will have the right to recover any sums paid from the Qualified Settlement Fund.

5.2.5.   The Net Settlement Amount will be distributed in accordance with the Plan of Allocation.  Pending final distribution of the Net Settlement Amount in accordance with the Plan of Allocation, the Escrow Agent will maintain the Qualified Settlement Fund.

5.3.   <u>Implementation of the Plan of Allocation</u>.  Class Counsel shall propose to the Court a Plan of Allocation, in substantial conformity to the one attached hereto as Exhibit B, which shall provide for the calculation, allocation, and distribution of the Net Settlement Amount.  The Settlement Administrator shall be exclusively responsible and liable for calculating the amounts payable to the Class Members pursuant to the Plan of Allocation.  Upon the Settlement Effective Date, and after the amounts payable pursuant to Sections 5.1 and 5.2 have been disbursed, or, in the case of future estimated expenses set aside and withheld, Class Counsel shall direct the Escrow Agent to disburse the Net Settlement Amount as provided by this Settlement Agreement and the Plan of Allocation.  The Recordkeeper or any other entity with appropriate authority under the Plan (an "Authorized Administrator") shall allocate to the Plan accounts of Class Members who are not Former Participants any Net Settlement Amount as calculated by the Settlement Administrator according to the Plan of Allocation, documentation of which Class Counsel shall direct the Settlement Administrator to provide to the Authorized Administrator pursuant to the Plan of Allocation no later than the distribution of the Net Settlement Amount.  The Settlement Administrator shall promptly notify Class Counsel as to the date(s) and amounts(s) of said allocation(s) made to Class Members who are not Former Participants.  The Settlement Administrator shall be responsible for distributing the Net Settlement Amount allocated to the Former Participants as provided by the Plan of Allocation, as well as complying with all tax laws, rules, and regulations and withholding obligations with respect to Former Participants.  Defendants shall have no liability related to the structure or taxability of such payments.  Nothing herein shall constitute approval or disapproval of the Plan of Allocation by Defendants, and Defendants shall have no responsibility or liability for the Plan of Allocation and shall take no position for or against the Plan of Allocation.

5.4.   The Net Settlement Amount distributed pursuant to the Plan of Allocation shall constitute "restorative payments" within the meaning of Revenue Ruling 2002-45 for all purposes.

5.5.  Final List of Class Members.  Prior to the disbursement of the Net Settlement Amount to the Plan, the Settlement Administrator shall provide to Defense Counsel and Class Counsel a final list of Class Members, in electronic format, to whom the Net Settlement Amount will be distributed in accordance with the Plan of Allocation.  Such list shall be final, and only persons on the list or their Beneficiaries or Alternate Payees shall be eligible to receive any recovery from this Settlement.

5.6.  After the distribution of the Net Settlement Amount and allocation of the Net Settlement Amount pursuant to the Plan of Allocation, amounts allocable to Class Members who cannot be located or otherwise cannot receive their Settlement payment shall be forwarded to the Plan's trust and then be subject to the Plan's forfeiture provisions, if any, at the time of receipt by the Trust.

6.  **ARTICLE 6 – ATTORNEYS' FEES AND EXPENSES**

6.1.  Application for Attorneys' Fees and Expenses and Class Representatives' Case Contribution Awards.  Class Counsel intends to seek to recover their attorneys' fees not to exceed $316,635.00, and litigation costs and expenses advanced and carried by Class Counsel for the duration of the Class Action, not to exceed $50,000.00, which shall be recovered from the Gross Settlement Amount.  Class Counsel also intends to seek Class Representatives' Case Contribution Awards, in an amount not to exceed $10,000 each for Class Representatives Plaintiffs Carlos O. Nesbeth, Amit Godambe, Jenny Gallery, Mistry Howell and Micah Webb, which shall be recovered from the Gross Settlement Amount.

6.2.  Class Counsel will file a motion for an award of Attorneys' Fees and Costs at least thirty (30) calendar days before the deadline set in the Preliminary Approval Order for objections to the proposed Settlement, which may be supplemented thereafter.

7.  **ARTICLE 7 – RELEASE AND COVENANT NOT TO SUE**

7.1.  As of the Settlement Effective Date, the Plan (subject to Independent Fiduciary approval as required by Section 2.1) and the Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns), on their own behalf and on behalf of the Plan, shall fully, finally, and forever settle, release, relinquish, waive, and discharge all Released Parties from the Released Claims, whether or not such Class Members have received or will receive a monetary benefit from the Settlement, whether or not such Class Members have actually received the Settlement Notice, whether or not such Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed.

7.2.     As of the Settlement Effective Date, the Class Representatives, the Class Members and the Plan (subject to Independent Fiduciary approval as required by Section 2.1), expressly agree that they, acting individually or together, or in combination with others, shall not sue or seek to institute, maintain, prosecute, argue, or assert in any action or proceeding (including but not limited to an IRS determination letter proceeding, a Department of Labor proceeding, an arbitration or a proceeding before any state insurance or other department or commission), any cause of action, demand, or claim on the basis of, connected with, or arising out of any of the Released Claims.  Nothing herein shall preclude any action to enforce the terms of this Settlement Agreement in accordance with the procedures set forth in this Settlement Agreement.

7.3.     Class Counsel, the Class Representatives, Class Members, or the Plan may hereafter discover facts in addition to or different from those that they know or believe to be true with respect to the Released Claims.  Such facts, if known by them, might have affected the decision to settle with the Released Parties, or the decision to release, relinquish, waive, and discharge the Released Claims, or the decision of a Class Member not to object to the Settlement.  Notwithstanding the foregoing, each Class Member and the Plan shall expressly, upon the entry of the Final Order, be deemed to have, and, by operation of the Final Order, shall have fully, finally, and forever settled, released, relinquished, waived, and discharged any and all Released Claims.  The Class Representatives, Class Members and the Plan acknowledge and shall be deemed by operation of the Final Order to have acknowledged that the foregoing waiver was bargained for separately and is a key element of the Settlement embodied in this Settlement Agreement of which this release is a part.

7.4.     Each Class Representative, each Class Member, and the Plan hereby stipulate and agree with respect to any and all Released Claims that, upon entry of the Final Order, the Class Members shall be conclusively deemed to, and by operation of the Final Order shall, settle, release, relinquish, waive, and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims pertaining specifically to Section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Also, the Class Representatives, Class Members and the Plan shall, upon entry of the Final Order with respect to the Released Claims, waive any and all provisions, rights and benefits conferred by any law or of any State or territory within the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

7.5.   <u>Dismissal With Prejudice</u>.  The Class Action and all Released Claims shall be dismissed with prejudice.

7.6   <u>No Impact on Prior Releases</u>.  The Released Claims in the Class Action shall not invalidate or impair any prior release of claims by any Class Members against any of the Released Parties.

## 8.   ARTICLE 8 – COVENANTS

The Settling Parties covenant and agree as follows:

8.1.   <u>Taxation</u>.  Plaintiffs acknowledge that the Released Parties have no responsibility for any taxes due on funds deposited in or distributed from the Qualified Settlement Fund or that the Plaintiffs or Class Counsel receive from the Gross Settlement Amount.  Plaintiffs further acknowledge that any such tax payments, and any professional, administrative, or other expenses associated with such tax payments, shall be paid out of the Qualified Settlement Fund.  Nothing herein shall constitute an admission or representation that any such taxes will or will not be due.

8.2.   <u>Cooperation</u>.  ICON and Defense Counsel shall cooperate with Class Counsel by using reasonable efforts to provide, to the extent reasonably accessible, information to identify Class Members and to implement the Plan of Allocation.

8.2.1.   ICON or Defense Counsel shall work with the Recordkeeper to provide to the Settlement Administrator and/or Class Counsel within ten (10) business days of entry of the Preliminary Approval Order: (1) the names, last known addresses, and email addresses to the extent available, of members of the Settlement Class, as compiled from reasonably accessible electronic records maintained by the Recordkeeper; (2) the social security numbers of Settlement Class members in order for the Settlement Administrator to perform a National Change of Address search to update out-of-date addresses; and (3) Plan participant data necessary to perform calculations pursuant to the Plan of Allocation. With respect to the Plan of Allocation data, the Plan's Recordkeeper shall take commercially reasonable steps to ensure the data provided is complete as it exists in the Recordkeeper's systems.  Neither Plaintiffs, Class Counsel, Defendants, or Defense Counsel will be responsible or liable in any way for ensuring the completeness or accuracy of the information provided by the Recordkeeper pursuant to this section.

8.2.2.   The Settlement Administrator shall use the information provided through this Section to compile a preliminary list of Class Members for purposes of sending the Class Notice and calculating payments pursuant to the Plan of Allocation.

8.2.3.   Class Counsel and their agents will use any information provided by Defendants, Defense Counsel, and/or the Recordkeeper pursuant to Section 8.2 solely for the purpose of providing notice and administering this Settlement and for no other purpose, and will take all reasonable and necessary steps as required by law to maintain the security and confidentiality of this information.

8.3.   The Settling Parties shall reasonably cooperate with each other to effectuate this Settlement, including with respect to the Plan of Allocation, and shall not do anything or take any position inconsistent with obtaining a prompt Final Order approving the Settlement unless expressly permitted by this Settlement Agreement.  The Settling Parties shall suspend any and all efforts to prosecute and to defend the Class Action pending entry of the Final Order or, if earlier, termination of the Settlement Agreement.

## 9.   ARTICLE 9 – REPRESENTATION AND WARRANTIES

9.1.   <u>Settling Parties' Representations and Warranties</u>.  The Settling Parties, and each of them, represent and warrant as follows, and each Settling Party acknowledges that each other Settling Party is relying on these representations and warranties in entering into this Settlement Agreement:

9.1.1.   That they have diligently prepared the case pursuant to the Court's orders; that they are voluntarily entering into this Settlement Agreement as a result of arm's length negotiations; that in executing this Settlement Agreement they are relying solely upon their own judgment, belief and knowledge, and the advice and recommendations of their own independently selected counsel, concerning the nature, extent, and duration of their rights and claims hereunder and regarding all matters which relate in any way to the subject matter hereof; and that, except as provided herein, they have not been influenced to any extent whatsoever in executing this Settlement Agreement by any representations, statements, or omissions pertaining to any of the foregoing matters by any Settling Party or by any Person representing any Settling Party to this Settlement Agreement. Each Settling Party assumes the risk of mistake as to facts or law. Each Settling Party further recognizes that additional evidence may have come to light, but that they nevertheless desire to avoid the expense and uncertainty of litigation by entering into the Settlement.

9.1.2.   That they have carefully read the contents of this Settlement Agreement, and this Settlement Agreement is signed freely by each Person executing this Settlement Agreement on behalf of each of the Settling Parties.  The Settling Parties, and each of them, further represent and warrant to each other that he, she, or it has made such investigation of the facts pertaining to the Settlement, this Settlement Agreement, and all of the matters pertaining thereto, as he, she, or it deems necessary.

9.2. <u>Signatories' Representations and Warranties</u>.  Each Person executing this Settlement Agreement on behalf of any other Person does hereby personally represent and warrant to the other Settling Parties that he or she has the authority to execute this Settlement Agreement on behalf of, and fully bind, each principal whom such individual represents or purports to represent.

## 10.   ARTICLE 10 – NO ADMISSION OF LIABILITY

10.1.   The Settling Parties understand and agree that this Settlement Agreement embodies a compromise settlement of disputed claims, and that nothing in this Settlement Agreement, including the furnishing of consideration for this Settlement Agreement, shall be deemed to constitute any finding, admission or suggestion of any wrongdoing or liability by any Defendants, or give rise to any inference of wrongdoing or admission of wrongdoing or liability in this or any other proceeding, including, but not limited to, any finding that any party had a fiduciary status under ERISA, or any wrongdoing by any of Defendants, or give rise to any inference of fiduciary status under ERISA or wrongdoing or admission of wrongdoing or liability in this or any other proceeding.

10.2.   This Settlement Agreement and the payments made hereunder are made in compromise of disputed claims and are not admissions of any liability of any kind, whether legal or factual.  Defendants specifically deny any such liability or wrongdoing and state that they are entering into this Settlement Agreement to eliminate the burden and expense of further litigation.  Further, the Class Representatives, while believing that the claims brought in the Class Action have merit, have concluded that the terms of this Settlement Agreement are fair, reasonable, and adequate to the Plan, themselves and members of the Settlement Class given, among other things, the inherent risks, difficulties and delays in complex ERISA litigation such as the Class Action.  Neither the fact nor the terms of this Settlement Agreement shall be used or offered or received in evidence in any action or proceeding for any purpose, except in an action or proceeding to enforce this Settlement Agreement or arising out of or relating to the Final Order.

## 11.   ARTICLE 11 – CONDITIONS TO FINALITY OF SETTLEMENT

This Settlement shall be contingent upon each of the following conditions in this Article 11 being satisfied.  The Settling Parties agree that if any of these conditions is not satisfied, then this Settlement Agreement is terminated (subject to Defendants' right to waive the condition set forth in Section 11.4) and the Class Action will, for all purposes with respect to the Settling Parties, revert to its status as of the Settlement Agreement Execution Date.  In such event, Defendants will not be deemed to have consented to the class certification order referenced in Section 11.1, the agreements and stipulations in this Settlement Agreement concerning class definition or class certification shall not be used as evidence or argument to support a motion for class certification, and Defendants will retain all rights with respect to challenging class certification.

11.1. <u>Court Approval and Class Certification for Settlement Purposes</u>.  The Court shall have certified the Settlement Class for settlement purposes only (and Defendants will not object to this certification for settlement purposes only), the Settlement shall have been approved by the Court, the Court shall have entered the Final Order substantially in the form attached as Exhibit D hereto, and the Settlement Effective Date shall have occurred.

11.2. <u>Finality of Settlement</u>.  The Settlement shall have become Final.

11.3. <u>Resolution of CAFA Objections (If Any)</u>.  In the event that any of the government officials who received a CAFA Notice object to and request modifications to the Settlement, Class Representatives and Class Counsel agree to cooperate and work with Defendants and Defense Counsel to overcome such objection(s) and requested modifications.  In the event such objection(s) or requested modifications are not overcome, Defendants shall have the right to terminate the Settlement Agreement pursuant to Article 12.

11.4. <u>Settlement Authorized by Independent Fiduciary</u>.  At least thirty (30) days before the Fairness Hearing, the Independent Fiduciary shall have approved and authorized in writing the Settlement, and given a release to all of the Released Parties in its capacity as fiduciary of the Plan for and on behalf of the Plan in accordance with PTE 2003-39.  If the Independent Fiduciary disapproves or otherwise does not authorize the Settlement or refuses to execute the release on behalf of the Plan, then ICON shall have the option to waive this condition, in which case such option is to be exercised in writing within ten (10) business days after the Settling Parties' receipt of the Independent Fiduciary's written determination, unless otherwise agreed by the Settling Parties.

## 12. ARTICLE 12 – TERMINATION, CONDITIONS OF SETTLEMENT, AND EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION

12.1. The Settlement Agreement shall automatically terminate, and thereby become null and void with no further force or effect if:

12.1.1. Under Section 2.1, (a) either the Independent Fiduciary does not approve the Settlement Agreement or disapproves the Settlement Agreement for any reason whatsoever, or Defendants reasonably conclude that the Independent Fiduciary's approval does not include the determinations required by the PTE 2003-39; and (b) the Settling Parties do not mutually agree to modify the terms of this Settlement Agreement to facilitate an approval by the Independent Fiduciary or the Independent Fiduciary's determinations required by PTE 2003-39; and (c) ICON does not exercise their option to waive this condition as provided in Section 11.4;

12.1.2.   The Preliminary Approval Order or the Final Order is not entered by the Court in substantially the form submitted by the Settling Parties or in a form which is otherwise agreed to by the Settling Parties;

12.1.3.   The Settlement Class is not certified as defined herein or in a form which is otherwise agreed to by the Settling Parties;

12.1.4.   This Settlement Agreement is disapproved by the Court or fails to become effective and the Settling Parties do not mutually agree to modify the Settlement Agreement in order to obtain the Court's approval or otherwise effectuate the Settlement; or

12.1.5.   The Preliminary Order or Final Order is finally reversed on appeal, or is modified on appeal, and the Settling Parties do not mutually agree to any such modifications.

12.2.   If the Settlement Agreement is terminated, deemed null and void, or has no further force or effect, the Class Action and the Released Claims asserted by the Class Representatives shall for all purposes with respect to the Settling Parties revert to their status as though the Settling Parties never executed the Settlement Agreement.  All funds deposited in the Qualified Settlement Fund, and any interest earned thereon, shall be returned to Defendants or their insurer(s) within thirty (30) calendar days after the Settlement Agreement is finally terminated or deemed null and void.

12.3.   It shall not be deemed a failure to approve the Settlement Agreement if the Court denies, in whole or in part, Class Counsel's request for Attorneys' Fees and Costs and/or Class Representatives' Case Contribution Awards and/or modifies any of the proposed orders relating to Attorneys' Fees and Costs and/or Class Representatives' Case Contribution Awards.

## 13.   ARTICLE 13 – CONFIDENTIALITY OF THE SETTLEMENT NEGOTIATIONS AND PERMITTED SETTLEMENT-RELATED COMMUNICATIONS

13.1.   Except as set forth explicitly below, the Settling Parties, Class Counsel, and Defense Counsel agree to keep confidential all positions, assertions, and offers made during settlement negotiations relating to the Class Action and the Settlement Agreement, except that they may discuss the negotiations with the Class Members, the Independent Fiduciary, and the Settling Parties' auditors, tax, legal, and regulatory advisors, provided in each case that they (a) secure written agreements with such persons or entities that such information shall not be further disclosed to the extent such persons are not  already bound by confidentiality obligations at least as restrictive as those in this Article 13 and which would otherwise cover the Settlement Agreement; and (b) comply with this Article 13 in all other respects.

13.2.   Defendants, Class Representatives, Class Counsel, and Defense Counsel agree that they will not at any time make (or encourage or induce others to make) any public statement regarding the Class Action or the Settlement that disparages any Released Party; provided, however, that this prohibition does not preclude Class Counsel from restating the allegations made in the Complaint for purposes of the motion for preliminary approval of the Settlement, motion for final approval of the Settlement, or the request for Attorney's Fees and Costs, Administrative Expenses, and Class Representative Compensation.  This prohibition does not prohibit any Settling Party from making any statements pursuant to a valid legal process, a request by a regulatory agency, or as required by law.

13.3.   Defendants, Class Representatives, Class Counsel, and Defense Counsel agree that they will not issue any press release regarding the Settlement, advertise the Settlement, or affirmatively contact any media sources regarding the Settlement.

13.4.   Defendants, Class Representatives, Class Counsel, and Defense Counsel agree that they will not publicly disclose the terms of the Settlement until after the motion for preliminary approval of the Settlement has been filed with the Court, other than as necessary to administer the Settlement, or unless such disclosure is pursuant to a valid legal process, a request by a regulatory agency, or as otherwise required by law, government regulations including corporate reporting obligations, or order of the Court.

## 14.   ARTICLE 14 – GENERAL PROVISIONS

14.1.   The Settling Parties agree to cooperate fully with each other in seeking Court approvals of the Preliminary Approval Order and the Final Order, and to do all things as may reasonably be required to effectuate preliminary and final approval and the implementation of this Settlement Agreement according to its terms.  The Settling Parties agree to provide each other with copies of any filings necessary to effectuate this Settlement reasonably in advance of filing.

14.2.   This Settlement Agreement, whether or not consummated, and any negotiations or proceedings hereunder are not, and shall not be construed as, deemed to be, or offered or received as evidence of an admission by or on the part of any Released Party of any wrongdoing, fault, or liability whatsoever by any Released Party, or give rise to any inference of any wrongdoing, fault, or liability or admission of any wrongdoing, fault, or liability in the Class Action or any other proceeding.

14.3.   Defendants and Released Parties admit no wrongdoing, fault, or liability with respect to any of the allegations or claims in the Class Action.  This Settlement Agreement, whether or not consummated, and any negotiations or proceedings hereunder, shall not constitute admissions of any liability of any kind, whether legal or factual.  Subject to Federal Rule of Evidence 408, the Settlement and the negotiations related to it are not admissible as substantive evidence, for purposes of impeachment, or for any other purpose.

14.4.   Defendants deny all allegations of wrongdoing.  Defendants believe that the Plan has been managed, operated, and administered at all relevant times reasonably and prudently, in the best interest of the Plan's participants, and in accordance with ERISA, including the fiduciary duty and prohibited transaction provisions of ERISA.

14.5.   Neither the Settling Parties, Class Counsel, nor Defense Counsel shall have any responsibility for or liability whatsoever with respect to (a) any act, omission, or determination of the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Gross Settlement Amount or otherwise; (b) the determination of the Independent Fiduciary; (c) the management, investment, or distribution of the Qualified Settlement Fund; (d) the Plan of Allocation as approved by the Court; (e) the determination, administration, calculation, or payment of any claims asserted against the Qualified Settlement Fund; (f) any losses suffered by, or fluctuations in the value of, the Qualified Settlement Fund; or (g) the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the Qualified Settlement Fund or tax reporting, or the filing of any returns.  Further, neither Defendants nor Defense Counsel shall have any responsibility for, or liability whatsoever with respect to, any act, omission, or determination of Class Counsel in connection with the administration of the Gross Settlement Amount or otherwise.

14.6.   The Released Parties shall not have any responsibility for or liability whatsoever with respect to the Plan of Allocation, including, but not limited to, the determination of the Plan of Allocation or the reasonableness of the Plan of Allocation.

14.7.   The Settling Parties acknowledge that any payments to Class Members or their attorneys may be subject to applicable tax laws.  Defendants, Defense Counsel, Class Counsel, and Class Representatives will provide no tax advice to the Class Members and make no representation regarding the tax consequences of any of the settlement payments described in the Settlement Agreement.  To the extent that any portion of any settlement payment is subject to income or other tax, the recipient of the payment shall be responsible for payment of such tax. Deductions will be made, and reporting will be performed by the Settlement Administrator, as required by law in respect of all payments made under the Settlement Agreement. Payments from the Qualified Settlement Fund shall not be treated as wages by the Settling Parties.

14.8.   Each Class Member who receives a payment under this Settlement Agreement shall be fully and ultimately responsible for payment of any and all federal, state, or local taxes resulting from or attributable to the payment received by such person.  Each such Class Member shall hold the Released Parties, Defense Counsel, Class Counsel, and the Settlement Administrator harmless from any tax liability, including penalties and interest, related in any way to payments under the Settlement Agreement, and shall hold the Released Parties, Defense Counsel,

Class Counsel, and the Settlement Administrator harmless from the costs (including, for example, attorneys' fees and disbursements) of any proceedings (including, for example, investigation and suit), related to such tax liability.

14.9. Only Class Counsel shall have standing to seek enforcement of this Settlement Agreement on behalf of Plaintiffs and Class Members. Any individual concerned about Defendants' compliance with this Settlement Agreement may so notify Class Counsel and direct any requests for enforcement to them. Class Counsel shall have the full and sole discretion to take whatever action they deem appropriate, or to refrain from taking any action, in response to such request. Any action by Class Counsel to monitor or enforce the Settlement Agreement shall be done without additional fee or reimbursement of expenses beyond the Attorneys' Fees and Costs determined by the Court.

14.10. This Settlement Agreement shall be interpreted, construed, and enforced in accordance with applicable federal law and, to the extent that federal law does not govern, Pennsylvania law.

14.11. The Settling Parties agree that the Court has personal jurisdiction over the Settlement Class and Defendants and shall maintain personal and subject-matter jurisdiction for purposes of resolving any disputes between the Settling Parties concerning compliance with this Settlement Agreement. Any motion or action to enforce this Settlement Agreement—including by way of injunction—may be filed in the U.S. District Court for the Eastern District of Pennsylvania, or asserted by way of an affirmative defense or counterclaim in response to any action asserting a violation of the Settlement Agreement.

14.12. Each party to this Settlement Agreement hereby acknowledges that he, she, or it has consulted with and obtained the advice of counsel prior to executing this Settlement Agreement and that this Settlement Agreement has been explained to that party by his, her, or its counsel.

14.13. Before entry of the Preliminary Approval Order and approval of the Independent Fiduciary, this Settlement Agreement may be modified or amended only by written agreement signed by or on behalf of all Settling Parties. Following approval by the Independent Fiduciary, this Settlement Agreement may be modified or amended only if such modification or amendment is set forth in a written agreement signed by or on behalf of all Settling Parties and only if the Independent Fiduciary approves such modification or amendment in writing. Following entry of the Preliminary Approval Order, this Settlement Agreement may be modified or amended only by written agreement signed on behalf of all Settling Parties, and only if the modification or amendment is approved by the Independent Fiduciary in writing and approved by the Court.

14.14. The provisions of this Settlement Agreement may be waived only by an instrument in writing executed by the waiving party and specifically waiving such provisions. The waiver of any breach of this Settlement Agreement by any party

shall not be deemed to be or construed as a waiver of any other breach or waiver by any other party, whether prior, subsequent, or contemporaneous, of this Settlement Agreement.

14.15. Each of the Settling Parties agrees, without further consideration, and as part of finalizing the Settlement hereunder, that it will in good faith execute and deliver such other documents and take such other actions as may be necessary to consummate and effectuate the subject matter of this Settlement Agreement.

14.16. All of the exhibits attached hereto are incorporated by reference as though fully set forth herein. The exhibits shall be: Exhibit A – Notice of Class Action Settlement and Fairness Hearing; Exhibit B – Plan of Allocation; Exhibit C – Preliminary Approval Order; Exhibit D – Final Approval Order; Exhibit E – Form of CAFA Notice.

14.17. No provision of the Settlement Agreement or of the exhibits attached hereto shall be construed against or interpreted to the disadvantage of any party to the Settlement Agreement because that party is deemed to have prepared, structured, drafted, or requested the provision.

14.18. Principles of Interpretation. The following principles of interpretation apply to this Settlement Agreement:

14.18.1. Headings. Any headings included in this Settlement Agreement are for convenience only and do not in any way limit, alter, or affect the matters contained in this Settlement Agreement or the Articles or Sections they caption.

14.18.2. Singular and Plural. Definitions apply to the singular and plural forms of each term defined.

14.18.3. Gender. Definitions apply to the masculine, feminine, and neuter genders of each term defined.

14.18.4. References to a Person. References to a Person are also to the Person's permitted successors and assigns, except as otherwise provided herein.

14.18.5. Terms of Inclusion. Whenever the words "include," "includes," or "including" are used in this Settlement Agreement, they shall not be limiting but rather shall be deemed to be followed by the words "without limitation."

14.19. Survival. All of the covenants, representations, and warranties, express or implied, oral or written, concerning the subject matter of this Settlement Agreement are contained in this Settlement Agreement. No Party is relying on any oral representations or oral agreements. All such covenants, representations,

and warranties set forth in this Settlement Agreement shall be deemed continuing and shall survive the Settlement Effective Date

14.20. <u>Notices</u>.  Any notice, demand, or other communication under this Settlement Agreement (other than the Settlement Notice, or other notices given at the direction of the Court) shall be in writing and shall be deemed duly given upon receipt if it is addressed to each of the intended recipients as set forth below and personally delivered, sent by registered or certified mail postage prepaid, or delivered by reputable express overnight courier or via e-mail:

IF TO CLASS REPRESENTATIVES:

Mark K. Gyandoh
CAPOZZI ADLER, P.C.
312 Old Lancaster Road
Merion Station, PA 19066
Tel.: 610.890.0200
Fax: 717.233.4103
markg@capozziadler.com

IF TO DEFENDANTS:

Jeremy P. Blumenfeld
MORGAN, LEWIS & BOCKIUS, LLP
1701 Market Street
Philadelphia, PA 19103
Tel: 215.963.5000
Fax: 215.963.5001
jeremy.blumenfeld@morganlewis.com

Any Settling Party may change the address at which it is to receive notice by written notice delivered to the other Settling Parties in the manner described above.

14.21. <u>Entire Agreement</u>.  This Settlement Agreement and the exhibits attached hereto constitute the entire agreement among the Settling Parties and no representations, warranties, or inducements have been made to any party concerning the Settlement other than those contained in this Settlement Agreement and the exhibits thereto.  It specifically supersedes any settlement terms or settlement agreements relating to the Defendants that were previously agreed upon orally or in writing by any of the Settling Parties.

14.22. <u>Counterparts</u>.  The Settlement Agreement may be executed by exchange of executed signature pages, and any signature transmitted by facsimile or e-mail

attachment of scanned signature pages for the purpose of executing this Settlement Agreement shall be deemed an original signature for purposes of this Settlement Agreement. The Settlement Agreement may be executed in any number of counterparts, and each of such counterparts shall for all purposes be deemed an original, and all such counterparts shall together constitute the same instrument.

14.23. <u>Binding Effect</u>. This Settlement Agreement binds and inures to the benefit of the Settling Parties hereto, their assigns, heirs, administrators, executors, and successors.

14.24. <u>Destruction/Return of Confidential Information</u>. Within thirty (30) days after the Final Order, Class Representatives and Class Counsel shall fully comply with any Stipulated Protective Order entered in this case. Further, the Settling Parties agree that the preliminary and final lists of Class Members are deemed Confidential. Further, the Settling Parties shall have the right to continue to designate documents provided to any party in connection with this Settlement Agreement as Confidential pursuant to this paragraph or pursuant to any Stipulated Protective Order entered in this case.

IN WITNESS WHEREOF, the Settling Parties have executed this Settlement Agreement on the dates set forth below.

Date: <u>January 28, 2022</u>

On Behalf of Plaintiffs, Individually and as Representatives of the Settlement Class:

Date: January 28, 2022

On Behalf of Defendants ICON Clinical Research LLC; The Board of Directors of ICON Clinical Research LLC; The 401(k) Plan Committee of ICON Clinical Research, LLC; and John Does 1-30:

Mark K. Gyandoh
CAPOZZI ADLER, P.C.
312 Old Lancaster Road
Merion Station, PA 19066
Tel.: 610.890.0200
Fax: 717.233.4103
markg@capozziadler.com

Counsel for Plaintiffs

Jeremy P. Blumenfeld
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Tel.: 215.963.5000
Fax: 215.963.5001
jeremy.blumenfeld@morganlewis.com

Counsel for Defendants

EXHIBIT A

## UNITED STATES DISTRICT COURT
## <u>FOR THE EASTERN DISTRICT OF PENNSYLVANIA</u>

| | |
|---|---|
| CARLOS O. NESBETH, AMIT GODAMBE, JENNY GALLERY, MISTY HOWELL and MICAH WEBB, individually and on behalf of all others similarly situated,<br><br>                        Plaintiffs,<br><br>          v.<br><br>ICON CLINICAL RESEARCH, LLC, THE BOARD OF DIRECTORS OF ICON CLINICAL RESEARCH, LLC, THE 401(K) PLAN COMMITTEE OF ICON CLINICAL RESEARCH, LLC and JOHN DOES 1-30.<br><br>                      Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )     **CIVIL ACTION NO.: 21-cv-01444-PD** |

### <u>NOTICE OF CLASS ACTION SETTLEMENT</u>

*A federal court has authorized this Notice. This is not a solicitation from a lawyer.*

**PLEASE READ THIS NOTICE CAREFULLY AS IT MAY AFFECT YOUR RIGHTS**

You are receiving this Notice of Class Action Settlement ("Notice") because the records of the ICON Clinical Research LLC 401(k) Plan, and each of its predecessor plans or successor plans, individually and collectively (the "Plan"), indicate that you were a participant in the Plan during the period March 26, 2015 through [Date of Preliminary Approval Order] (the "Class Period"). As such, your rights may be affected by a proposed settlement of this class action lawsuit (the "Settlement"). **Please read the following information carefully to find out what the lawsuit is about, what the terms of the proposed Settlement are, what rights you have to object to the proposed Settlement Agreement if you disagree with its terms, and what deadlines apply.**

This Notice contains summary information with respect to the Settlement. The complete terms and conditions of the Settlement are set forth in a Settlement Agreement ("Settlement Agreement"). Capitalized terms used in this Notice, but not defined in this Notice, have the meanings assigned to them in the Settlement Agreement. The Settlement Agreement, and additional information with respect to this lawsuit and the Settlement, is available at an Internet site dedicated to the Settlement, www.ICONERISAsettlement.com.

The Court in charge of this case is the United States District Court for the Eastern District of Pennsylvania. The persons who sued on behalf of themselves and the Plan are called the "Named Plaintiffs," and the people they sued are called "Defendants." The Named Plaintiffs are Carlos O. Nesbeth, Amit Godambe, Jenny Gallery, Misty Howell, and Micah Webb. The Defendants are, among others, ICON Clinical Research LLC ("ICON") and the 401(k) Plan Committee of ICON Clinical Research LLC. The Action is known as *Nesbeth, et al. v. ICON Clinical Research, LLC, et al.*, No. 2:21-cv-01444-PD (E.D. Pa).

| YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT | |
|---|---|
| **YOU ARE NOT REQUIRED TO FILE A CLAIM IF YOU ARE ENTITLED TO A PAYMENT UNDER THE SETTLEMENT AGREEMENT.** | If the Settlement is approved by the Court and you are a member of the Settlement Class, you will not need to file a claim in order to receive a Settlement payment if you are entitled to receive a payment under the Settlement Agreement. |
| **HOW SETTLEMENT PAYMENTS WILL BE DISTRIBUTED.** | If you currently have a positive account balance in the Plan and are a Settlement Class member, any share of the Net Settlement Amount to which you are entitled will be deposited into your Plan account. If you are a Former Participant (*i.e.*, no longer a participant in the Plan) and are a Settlement Class member, such funds shall be paid directly to you by the Settlement Administrator. |

| YOU MAY OBJECT TO THE SETTLEMENT BY _____. | If you wish to object to any part of the Settlement, you may (as discussed below) write to the Court and the attorneys for the Parties about why you object to the Settlement. |
|---|---|
| YOU MAY ATTEND THE FAIRNESS HEARING TO BE HELD ON _____. | If you submit a written objection to the Settlement to the Court and counsel before the Court-approved deadline, you may (but do not have to) attend the Fairness Hearing about the Settlement and present your objections to the Court.  You may attend the Fairness Hearing even if you do not file a written objection, but you will only be allowed to speak at the Fairness Hearing if you file a written objection by the Court-approved deadline in advance of the Fairness Hearing AND you file a Notice of Intention To Appear, as described in the answer to Question 16 in this Notice. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.
- The Court still has to decide whether to approve the Settlement.  Payments will be made only if the Court approves the Settlement and that approval is upheld in the event of any appeal.

Further information regarding this litigation and this Notice may be obtained by contacting the following Class Counsel:

Mark K. Gyandoh
CAPOZZI ADLER. P.C.
Merion Station, PA  19066
Telephone:  (610) 890-0200
Facsimile:  (717) 233-4103

Class Counsel has established a toll-free phone number to receive your comments and questions: XXX-XXX-XXXX.  You may also send an email to settlement@CapozziAdler.com.  In the subject line please write "ICON Settlement."  You should contact Class Counsel with any questions regarding this Settlement, not the Court, ICON or counsel for the Defendants.

**WHAT THIS NOTICE CONTAINS**

**SUMMARY OF SETTLEMENT** ........................................................................................................... 2
**BASIC INFORMATION** ................................................................................................................... 3
1.   WHY DID I GET THIS NOTICE PACKAGE? ............................................................. 3
2.   WHAT IS THE ACTION ABOUT? .............................................................................. 3
3.   WHY IS THIS CASE A CLASS ACTION? ................................................................. 4
4.   WHY IS THERE A SETTLEMENT? ........................................................................... 4
5.   HOW DO I KNOW WHETHER I AM PART OF THE SETTLEMENT? ...................... 4
**THE SETTLEMENT BENEFITS—WHAT YOU GET** ....................................................... 5
6.   WHAT DOES THE SETTLEMENT PROVIDE? .......................................................... 5
7.   HOW MUCH WILL MY PAYMENT BE? ................................................................... 5
8.   HOW MAY I RECEIVE A PAYMENT? ...................................................................... 6
9.   WHEN WOULD I GET MY PAYMENT? .................................................................... 6
10.  CAN I GET OUT OF THE SETTLEMENT? ............................................................... 6
**THE LAWYERS REPRESENTING YOU** ......................................................................... 7
11.  DO I HAVE A LAWYER IN THE CASE? ................................................................... 7
12.  HOW WILL THE LAWYERS BE PAID? .................................................................... 7
13.  HOW DO I TELL THE COURT IF I DO NOT LIKE THE SETTLEMENT? ................ 7
**THE FAIRNESS HEARING** ............................................................................................. 7
14.  WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? ........................ 8
15.  DO I HAVE TO COME TO THE HEARING? ............................................................. 8
16.  MAY I SPEAK AT THE HEARING? ........................................................................... 8
**IF YOU DO NOTHING** ................................................................................................... 8
17.  WHAT HAPPENS IF I DO NOTHING AT ALL? ........................................................ 8
**GETTING MORE INFORMATION** ................................................................................ 8
18.  ARE THERE MORE DETAILS ABOUT THE SETTLEMENT? .................................. 8

**SUMMARY OF SETTLEMENT**

This litigation (the "Action") is a class action in which Named Plaintiffs Carlos O. Nesbeth, Amit Godambe, Jenny Gallery, Misty Howell and Micah Webb allege that the Defendants breached fiduciary duties owed to the participants in and beneficiaries of the Plan under ERISA by, among other things, failing to attempt to reduce the Plan's expenses or exercise appropriate judgment to scrutinize each investment option that was offered in the Plan to ensure it was prudent.  A copy of the Complaint as well as other documents filed in the Action are available at www.ICONERISAsettlement.com or from Class Counsel. Defendants have denied and continue to deny

QUESTIONS?  VISIT WWW.ICONERISASETTLEMENT.COM OR CALL TOLL-FREE XXX-XXX-XXXX
DO NOT CONTACT THE COURT OR ICON WITH YOUR QUESTIONS.

all of the claims and allegations in the Action and deny any liability or wrongful conduct of any kind. Defendants believe they have administered the Plan properly, prudently, and in the best interests of Plan participants.

A Settlement Fund consisting of $950,000.00 (nine hundred fifty thousand dollars) in cash (the "Gross Settlement Amount") is being established in the Action. The Gross Settlement Amount will be deposited into an escrow account, and the Gross Settlement Amount, together with any interest earned, will constitute the Settlement Fund. Payment of any taxes, approved attorneys' fees and litigation expenses; payment of Case Contribution Awards to the Named Plaintiffs; and the costs of administering the Settlement will be paid out of the Settlement Fund. After the payment of such fees, expenses, and awards, the amount that remains will constitute the Net Settlement Amount. The Net Settlement Amount will be allocated to Settlement Class members according to a Plan of Allocation to be approved by the Court.

## STATEMENT OF POTENTIAL OUTCOME OF THE ACTION

Defendants strongly dispute each of the claims asserted in the Action and deny that they ever engaged in any wrongdoing, violation of law or breach of duty. Further, Named Plaintiffs would face an uncertain outcome if the Action were to continue. While engaged in discovery, and after Plaintiffs filed their motion for class certification and Defendants filed a motion for summary judgment, the settlement was reached. If settlement had not been reached and their motion for summary judgment had been denied, Defendants would present evidence at trial that they reasonably and prudently managed the Plan's investment options and fees and fulfilled all of their fiduciary obligations. As a result, continued litigation could result in a judgment in favor of the Defendants and against the Named Plaintiffs and Class. Even if the Named Plaintiffs and Class prevailed, they might recover a judgment less than the benefits obtained as part of the Settlement, or no recovery at all.

The Named Plaintiffs and the Defendants disagree on liability and do not agree on the amount that would be recoverable even if the Named Plaintiffs were to prevail at trial. The Defendants deny all claims and contentions by the Named Plaintiffs. The Defendants deny that they are liable to the Settlement Class and that the Settlement Class or the Plan has suffered any damages for which the Defendants could be held legally responsible. Having considered the uncertainty, costs and risks inherent in any litigation, particularly in a complex case such as this, the Named Plaintiffs and Defendants have concluded that it is desirable that the Action be fully and finally settled on the terms and conditions set forth in the Settlement Agreement.

## STATEMENT OF ATTORNEYS' FEES AND EXPENSES SOUGHT IN THE ACTION

Class Counsel will apply to the Court for an order awarding attorneys' fees not in excess of thirty-three and one third percent (33 1/3%) of the Settlement Amount (a maximum amount of $316,635.00), plus reimbursement of expenses not to exceed $50,000.00. Any amount approved by the Court will be paid from the Settlement Fund.

## WHAT WILL THE NAMED PLAINTIFFS GET?

The Named Plaintiffs will share in the allocation of the Net Settlement Amount on the same basis as all other members of the Settlement Class. In addition, the Named Plaintiffs will ask the Court to award up to $10,000 to each of the Named Plaintiffs as Case Contribution Awards for their participation in the Action and representation of the Settlement Class. Any such awards will be paid solely from the Settlement Fund.

**BASIC INFORMATION**

| 1. WHY DID I GET THIS NOTICE PACKAGE? |
| --- |

You or someone in your family may have been a participant in or a beneficiary of the Plan during **the period from March 26, 2015 to _____**.

The Court directed that this Notice be sent to you because, if you fall within the definition of the Settlement Class, you have a right to know about the Settlement and the options available to you regarding the Settlement before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, the Net Settlement Amount will be distributed to the Settlement Class members according to a Court-approved Plan of Allocation described below. This Notice describes the Action, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

| 2. WHAT IS THE ACTION ABOUT? |
| --- |

The Action claims that under ERISA, the Defendants owed fiduciary duties of care and prudence to the Plan and that they violated those duties in connection with the selection and monitoring of the Plan's investment options and service providers. During the Class Period,

participants in the Plan were able to allocate their account balances among various investment funds.  Named Plaintiffs allege that the Plan had substantial bargaining power regarding the fees and expenses that were charged.  Named Plaintiffs further allege that Defendants did not exercise appropriate judgment to scrutinize each investment option that was offered in the Plan to ensure it was prudent.  Additionally, Named Plaintiffs allege Defendants failed to prudently monitor the recordkeeping fees charged to Plan participants.  Recordkeeping in simple terms refers to the suite of administrative services provided to retirement plan participants that generally includes provision of account statements to participants.

**THE DEFENSES IN THE ACTION**

Defendants deny all of the claims and allegations made in the Action and deny that they ever engaged in any wrongful conduct.  If the Action were to continue, the Defendants would continue to assert numerous defenses to liability, including:

- Defendants did not engage in any of the allegedly improper conduct charged in the Complaint;
- Defendants reasonably and prudently managed the Plan's investment options and fees, as well as all recordkeeping fees, and fulfilled all of their fiduciary obligations;
- As part of its reasonable and prudent process to manage the Plan, Defendants retained professional investment consultants to help ensure that the Plan offered suitable investments while simultaneously ensuring the Plan's fees and expenses remained reasonable;
- As part of its reasonable and prudent process to manage the Plan, Defendants monitored, and repeatedly renegotiated, the Plan's recordkeeping fees, including through two competitive "Request for Proposal" processes that solicited bids from several potential recordkeepers to reduce Plan expenses;
- The Plan's investment options were and are reasonable, prudent, and sound investment options for Plan participants;
- Even if a court were to determine that Defendants failed to discharge any duty under ERISA, any such breach of fiduciary duty did not cause the Plan or its participants to suffer any loss.

**THE ACTION HAS BEEN AGGRESSIVELY LITIGATED**

Class Counsel has extensively investigated the allegations in the Action.  Among other efforts, Class Counsel reviewed Plan-governing documents and materials, communications with Plan participants, U.S. Department of Labor filings, news articles and other publications, and other documents regarding the general and specific matters that were alleged in the complaint filed on March 26, 2021.  Defendants filed an Answer on June 1, 2021 denying the allegations in the Complaint.  On September 27, 2021, Plaintiffs filed a motion for class certification. On November 15, 2021 Defendants filed an opposition and on December 15, 2021 Plaintiffs filed a response in support of the motion for class certification. On November 19, 2021, Defendants filed a motion for summary judgment. On December 15, 2021, Plaintiffs filed an opposition.  Before the Court ruled on Plaintiffs' motion for class certification or Defendants' motion for summary judgment, the Parties began to discuss the possibility of a resolution of this matter through mediation.  Through several weeks of intense and arms' length negotiations, the Parties reached agreement.

| 3. | WHY IS THIS CASE A CLASS ACTION? |
|---|---|

In a class action, one or more plaintiffs, called "class representatives" or "named plaintiffs," sue on behalf of people who have similar claims.  All of these people who have similar claims collectively make up the "class" and are referred to individually as "class members."  One case resolves the issues for all class members together.  Because the conduct alleged in this Action is claimed to have affected a large group of people – participants in the Plan during the Class Period – in a similar way, the Named Plaintiffs filed this case as a class action.

| 4. | WHY IS THERE A SETTLEMENT? |
|---|---|

As in any litigation, all parties face an uncertain outcome.  On the one hand, continuation of the case against the Defendants could result in a judgment greater than this Settlement.  On the other hand, continuing the case could result in Plaintiffs obtaining no recovery at all or obtaining a recovery that is less than the amount of the Settlement.  Based on these factors, the Named Plaintiffs and Class Counsel have concluded that the proposed Settlement is in the best interests of all Settlement Class members.

| 5. | HOW DO I KNOW WHETHER I AM PART OF THE SETTLEMENT? |
|---|---|

You are a member of the Settlement Class if you fall within the definition of the Settlement Class preliminarily approved by Judge Paul S. Diamond:

All persons who participated in the Plan at any time during the Class Period, including any Beneficiary of a deceased person who participated in the Plan at any time during the Class Period, and any Alternate Payee of a person subject to a Qualified Domestic Relations Order who participated in the Plan at any time during the Class Period. Excluded from the Settlement Class are Defendants and their beneficiaries.

The "class period" referred to in this definition is from March 26, 2015 to __ [date of preliminary approval order]. If you are a member of the Settlement Class, the amount of money you will receive, if any, will depend upon the Plan of Allocation, described below.

## THE SETTLEMENT BENEFITS—WHAT YOU MAY GET

| 6.   WHAT DOES THE SETTLEMENT PROVIDE? |
|---|

Provided that the Settlement becomes Final, a Settlement Fund consisting of $950,000.00 will be established in the Action.  The amount of money that will be allocated among members of the Settlement Class, after the payment of any taxes and Court-approved costs, fees, and expenses, including attorneys' fees and expenses of Class Counsel, any Court-approved Case Contribution Awards to be paid to the Named Plaintiffs, and payment of expenses incurred in calculating the Settlement payments and administering the Settlement, is called the Net Settlement Amount.  The Net Settlement Amount will not be known until these other amounts are quantified and deducted.  The Net Settlement Amount will be allocated to members of the Settlement Class according to a Plan of Allocation to be approved by the Court.  The Plan of Allocation describes how Settlement payments will be distributed to Settlement Class members who receive a payment.

If the Settlement is approved by the Court, all Settlement Class members and anyone claiming through them shall be deemed to fully release the Released Parties from Released Claims.

The Released Parties are (a) Defendants, (b) Defendants' insurers, co-insurers, and reinsurers, (c) ICON's direct and indirect, past, present or future parents, subsidiaries, affiliates, divisions, joint ventures, predecessors, successors, successors-in-interest, and assigns, boards of trustees, boards of directors, officers, trustees, directors, partners, agents, managers, members, employees or heirs (including any individuals who serve or served in any of the foregoing capacities, such as members of the boards of trustees or boards of directors that are associated with any of Defendants' past, present, and future affiliates), and each person that controls, is controlled by, or is under common control with them, (d) the Plan and the Plan's current and past fiduciaries, administrators, plan administrators, recordkeepers, service providers, consultants, and parties-in-interest and (e) Defendants' independent contractors, representatives, attorneys, administrators, fiduciaries, accountants, auditors, advisors, consultants, personal representatives, spouses, heirs, executors, administrators, associates, employee benefit plan fiduciaries (with the exception of the independent fiduciary), employee benefit plan administrators, service providers to the Plan (including their owners and employees), members of their immediate families, consultants, subcontractors, and all persons acting under, by, through, or in concert with any of them.  Released Claims are defined in the Settlement Agreement and include all claims that were or could have been asserted in the Action.  This means, for example, that Settlement Class members will not have the right to sue the Released Parties for failure to prudently select and monitor the Plan's investment options or fees, or related matters, that occurred during the Class Period.

The above description of the proposed Settlement is only a summary.  The complete terms, including the definitions of the Released Parties and Released Claims, are set forth in the Settlement Agreement (including its exhibits), which may be obtained at a dedicated Settlement Internet site, www.ICONERISASettlement.com or by contacting Class Counsel listed on Page 2 above.

| 7.   HOW MUCH WILL MY PAYMENT BE? |
|---|

Each Settlement Class member's share will be calculated according to a Court-approved Plan of Allocation by a third-party vendor ("Settlement Administrator") selected by Class Counsel.  You are not required to calculate the amount you may be entitled to receive under the Settlement as the Settlement Administrator will do so under the Plan of Allocation.  In general, your proportionate share of the Settlement will be calculated as follows:

- First, the Settlement Administrator will obtain balances for each Settlement Class member in their Plan accounts as of December 31, 2015, and on December 31 of each subsequent year of the Class Period up to and including 2022.  For 2022, March 31, 2022 will be used.  Each Class Member's account balances for each year of the Class Period based on the account balances as of these dates will be summed.  This summed amount will be that Class Member's "Balance."

- Second, the Balance for all Class Members will be summed.

- Third, each Class Member will receive a share of the Net Settlement Amount in proportion to the sum of that Class Member's Balance as compared to the sum of the Balance for all Class Members, *i.e.* where the numerator is the Class Member's Balance and the denominator is the sum of all Class Members' Balances.

- The amounts resulting from this initial calculation will be known as the Preliminary Entitlement Amount. Class Members who are entitled to a distribution of less than $10.00 will receive a distribution of $10.00 (the "De Minimis Amount") from the Net Settlement Amount. In other words, the Settlement Administrator shall progressively increase Class Members' awards falling below the De Minimis Amount until the lowest participating Class Member award is the De Minimis Amount, *i.e.* $10.00. The resulting calculation shall be the Final Entitlement Amount for each Class Member. The sum of the Final Entitlement Amount for each Class Member will equal the dollar amount of the Net Settlement Amount.

**You will not be required to produce records that show your Plan activity**. If you are entitled to a share of the Settlement Fund, your share of the Settlement will be determined based on the Plan's records for your account. If you have questions regarding the allocation of the Net Settlement Amount, please contact Class Counsel listed on Page 2 above.

| 8.  HOW MAY I RECEIVE A PAYMENT? |
|---|

You do not need to file a claim. The Entitlement Amount for Settlement Class members with an Active Account (an account with a positive balance) as of [March 31, 2022] (unless that Plan account is closed prior to distribution of Settlement proceeds, in which case that Class Member will receive their allocation via a check) will be paid into the Plan. Former Participants will be paid directly by the Settlement Administrator by check.

All such payments are intended by the Settlement Class to be "restorative payments" in accordance with Internal Revenue Service Revenue Ruling 2002-45. Checks issued to Former Participants pursuant to this paragraph shall be valid for 180 days from the date of issue. If you are a former Plan participant and have not provided the Plan with your current address, please contact Class Counsel listed on Page 2 above.

Each Class Member who receives a payment under this Settlement Agreement shall be fully and ultimately responsible for payment of any and all federal, state, or local taxes resulting from or attributable to the payment received by such person.

| 9.  WHEN WOULD I GET MY PAYMENT? |
|---|

The Settlement cannot be completed unless and until several events occur. These events include final approval of the Settlement by the Court, approval of the Settlement by an independent fiduciary to the Plan, transfer of the Net Settlement Amount to the Plan, and calculation of the amount of the Settlement owed to each Settlement Class member. If objections are made to the Settlement or appeals are taken by objectors who oppose the approval of the Settlement, this process may take a long time to complete, possibly several years.

**There will be no payments if the Settlement Agreement is terminated.**

The Settlement Agreement may be terminated for several reasons, including if (1) the Court does not approve or materially modifies the Settlement Agreement, or (2) the Court approves the Settlement Agreement but the approval is reversed or materially modified by an appellate court. If the Settlement Agreement is terminated, the Action will proceed again as if the Settlement Agreement had not been entered into. The Settlement is not conditioned upon the Court's approval of attorneys' fees or the reimbursement of expenses/costs sought by Class Counsel, the Case Contribution Awards sought by the Named Plaintiffs, or any appeals solely related thereto.

| 10.  CAN I GET OUT OF THE SETTLEMENT? |
|---|

**You do not have the right to exclude yourself from the Settlement**. The Settlement Agreement provides for certification of the Settlement Class as a non-opt-out class action under Federal Rule of Civil Procedure 23(b)(1), and the Court has preliminarily determined that the requirements of that rule have been satisfied. Thus, it is not possible for any Settlement Class members to exclude themselves from the Settlement. As a Settlement Class member, you will be bound by any judgments or orders that are entered in the Action for all claims that were or could have been asserted in the Action or are otherwise released under the Settlement.

Although you cannot opt out of the Settlement, you can object to the Settlement and ask the Court not to approve it.  For more information on how to object to the Settlement, see the answer to Question 13 below.

## THE LAWYERS REPRESENTING YOU

| **11.  DO I HAVE A LAWYER IN THE CASE?** |
| --- |

The Court has preliminarily appointed the law firm of Capozzi Adler, P.C. as Class Counsel for the Named Plaintiffs in the Action.  You will not be charged directly by these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| **12.  HOW WILL THE LAWYERS BE PAID?** |
| --- |

Class Counsel will file a motion for the award of attorneys' fees of not more than one third (33 1/3%) of the Settlement Amount, plus reimbursement of expenses incurred in connection with the prosecution of the Action.  This motion will be considered at the Fairness Hearing described below.

**OBJECTING TO THE ATTORNEYS' FEES**

By following the procedures described in the answer to Question 13, you can tell the Court that you do not agree with the fees and expenses the attorneys intend to seek and ask the Court to deny their motion or limit the award.

| **13.  HOW DO I TELL THE COURT IF I DO NOT LIKE THE SETTLEMENT?** |
| --- |

If you are a Settlement Class Member, you can object to the Settlement if you do not like any part of it.  You can give reasons why you think the Court should not approve it.  To object, you must send a letter or other writing saying that you object to the Settlement in *Nesbeth, et al. v. ICON Clinical Research, LLC, et al.*, No. 2:21-cv-01444-PD (EDPA). Be sure to include your name, address, telephone number, signature, and a full explanation of all the reasons why you object to the Settlement.  **You must file your objection with the Clerk of the Court of the United States District Court for the Eastern District of Pennsylvania so that it is received no later than** _____.  The address is:

Clerk of the Court
James A. Byrne U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

The objection must refer prominently to this case name: *Nesbeth, et al. v. ICON Clinical Research, LLC, et al.*, No. 2:21-cv-01444-PD (EDPA).

A copy of your objection must also be provided to Class Counsel and Defense Counsel by email to settlement@CapozziAdler.com (writing "ICON Settlement" in the subject line) or to the following respective addresses for Class and Defense Counsel:

| Class Counsel | Defense Counsel |
| --- | --- |
| Mark K. Gyandoh | Jeremy P. Blumenfeld |
| Capozzi Adler, P.C. | Morgan, Lewis & Bockius LLP |
| 312 Old Lancaster Rd | 1701 Market Street |
| Merion Station, Pennsylvania 19066 | Philadelphia, PA 19103 |

## THE FAIRNESS HEARING

The Court will hold a Fairness Hearing to decide whether to approve the Settlement as fair, reasonable, and adequate.  You may participate in the Fairness Hearing, **which may be held telephonically or by video conference,** and you may ask to speak if you have timely asserted an objection, but you do not have to participate in the Fairness Hearing to have your objection considered.  **It is your obligation to ensure that your written objection is received by the Court by no later than** _____.

QUESTIONS?  VISIT WWW.ICONERISASETTLEMENT.COM OR CALL TOLL-FREE XXX-XXX-XXXX
DO NOT CONTACT THE COURT OR ICON WITH YOUR QUESTIONS.

### 14.  WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

The Fairness Hearing currently is scheduled for _____.m. on _____, at the United States District Court for the Eastern District of Pennsylvania, James A. Byrne U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106, before the Hon. Paul S. Diamond, or such other courtroom as the Court may designate.  **The Court may adjourn the Fairness Hearing without further notice to the Settlement Class and also may schedule the hearing to be done by telephone or video conference.  If you wish to attend, you should confirm the date and time of the Fairness Hearing with Class Counsel before doing so.**  At that hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  The Court will also rule on the motions for attorneys' fees and reimbursement of expenses and for Case Contribution Awards for the Named Plaintiffs. The Parties do not know how long these decisions will take or whether appeals will be filed.

### 15.  DO I HAVE TO COME TO THE HEARING?

No, but you are welcome to come at your own expense.  If you file an objection, you do not have to come to Court to talk about it.  As long as you mailed your written objection on time, it will be before the Court when the Court considers whether to approve the Settlement.  You also may pay your own lawyer to attend the Fairness Hearing, but such attendance is also not necessary.

### 16.  MAY I SPEAK AT THE HEARING?

If you submit a written objection to the Settlement to the Court and counsel before the Court-approved deadline, you may (but do not have to) attend the Fairness Hearing and present your objections to the Court.  You may attend the Fairness Hearing even if you do not file a written objection, but you will only be allowed to speak at the Fairness Hearing if you file a written objection in advance of the Fairness Hearing AND you file a Notice of Intention To Appear, as described in this paragraph.  To do so, you must file with the Court a letter or other paper called a "Notice of Intention To Appear at Fairness Hearing in *Nesbeth, et al. v. ICON Clinical Research LLC, et al.*, No. 2:21-cv-01444-PD (EDPA)." Be sure to include your name, address, telephone number, and your signature.  Your Notice of Intention To Appear must be received by the attorneys listed in the answer to Question 13 above, no later than _____, and must be filed with the Clerk of the Court at the address listed in the answer to Question 13.

### IF YOU DO NOTHING

### 17.  WHAT HAPPENS IF I DO NOTHING AT ALL?

If you do nothing and you are a Settlement Class member, you will participate in the Settlement of the Action as described above in this Notice.

### GETTING MORE INFORMATION

### 18.  ARE THERE MORE DETAILS ABOUT THE SETTLEMENT?

Yes.  This Notice summarizes the proposed Settlement.  The complete terms are set forth in the Settlement Agreement.  You may obtain a copy of the Settlement Agreement by making a written request to Class Counsel listed on Page 2 above.  Copies may also be obtained at a dedicated Settlement website, www.ICONERISASettlement.com, by calling the toll-free number, xxx-xxx-xxxx, or by sending an email to Settlement@CapozziAdler.com.  In the subject line please write "ICON Settlement."  You are encouraged to read the complete Settlement Agreement.

**DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, ICON, OR COUNSEL FOR ICON REGARDING THIS NOTICE. THEY WILL NOT BE ABLE TO ANSWER YOUR QUESTIONS. INSTEAD CONTACT CLASS COUNSEL, THE SETTLEMENT ADMINISTRATOR TOLL-FREE AT XXX-XXX-XXXX, OR VISIT THE WEBSITE AT WWW.ICONERISASETTLEMENT.COM.**

EXHIBIT B

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARLOS O. NESBETH, AMIT GODAMBE, JENNY GALLERY, MISTY HOWELL and MICAH WEBB, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ICON CLINICAL RESEARCH, LLC, THE BOARD OF DIRECTORS OF ICON CLINICAL RESEARCH, LLC, THE 401(K) PLAN COMMITTEE OF ICON CLINICAL RESEARCH, LLC and JOHN DOES 1-30. <br><br> Defendants. | CIVIL ACTION NO.: 21-cv-01444-PD |

## PLAN OF ALLOCATION

### I.     DEFINITIONS

Except as indicated in this Plan of Allocation, the capitalized terms used herein shall have the meaning ascribed to them in the Settlement Agreement.

### II.    CALCULATION OF ALLOCATION AMOUNTS

A.  Per paragraph 8.2.1 of the Settlement Agreement, the Recordkeeper shall provide the Settlement Administrator with the data reasonably necessary to determine the amount of the Net Settlement Amount to be distributed to each member of the Settlement Class ("Settlement Class Member" or "Class Member") in accordance with this Plan of Allocation.

B.  The data reasonably necessary to perform calculations under this Plan of Allocation is as follows:  the balances for each Class Member in their Plan account as of December 31, 2015 and on December 31 of each subsequent year of the Class Period up to and including 2021.  For 2022, March 31, 2022 will be used.  For Class Members who had a balance in their

1

accounts at the beginning of the Class Period, but liquidated their account prior to December 31, 2015, the balance in their account at the time of distribution will be the balance used for purposes of calculating an award under this Plan of Allocation.

    C.   The Net Settlement Amount will be allocated as follows:

        1.   Calculate the sum of each Class Member's account balances for each year of the Class Period based on the data as of the dates above.  This amount shall be that Class Member's "Balance."

        2.   Sum the Balance for all Class Members.

        3.   Allocate each Class Member a share of the Net Settlement Amount in proportion to the sum of that Class Member's Balance as compared to the sum of the Balance for all Class Members, *i.e.* where the numerator is the Class Member's Balance and the denominator is the sum of all Class Members' Balances.

    D.  The amounts resulting from this initial calculation shall be known as the Preliminary Entitlement Amount.  Class Members who are entitled to a distribution of less than $10.00 will receive a distribution of $10.00 (the "De Minimis Amount") from the Net Settlement Amount.  The Settlement Administrator shall progressively increase Class Members' awards falling below the De Minimis Amount until the lowest participating Class Member award is the De Minimis Amount, *i.e.* $10.00.  The resulting calculation shall be the "Final Entitlement Amount" for each Settlement Class Member.  The sum of the Final Entitlement Amount for each remaining Settlement Class Member must equal the dollar amount of the Net Settlement Amount.

    E.  **Settlement Class Members With Accounts In the Plan.**  For Class Members with an Active Account (an account with a positive balance) as of March 31, 2022, each Class Member's Final Entitlement Amount will be allocated into their Plan account (unless that Plan account has been closed in the intervening period, in which case that Class Member will receive their allocation in accordance with II.F, below).

As promptly as reasonably possible after deposit of the Net Settlement Amount into the Plan (per Section 5.2.5 of the Settlement Agreement), the Settlement Administrator shall forward to the Recordkeeper the information/data needed for allocating into each Settlement Class Member's account under the Plan his or her Class Member's Final Entitlement Amount. The deposited amount shall be invested by the Recordkeeper pursuant to the Settlement Class Member's investment elections on file for new contributions. If the Class Member has no election on file, it shall be invested in any default investment option(s) designated by the Plan, and if the Plan has not designated any default investment option(s), in a target date fund commensurate with the Class Member's retirement age or similar fund under the Plan.

F. **Settlement Class Members Without Accounts Under the Plan.** Former Participants shall be paid directly by the Settlement Administrator by check. All such payments are intended by the Settlement Class to be "restorative payments" in accordance with Internal Revenue Service Revenue Ruling 2002-45. Checks issued to Former Participants pursuant to this paragraph shall be valid for 180 days from the date of issue.

G. The Settlement Administrator shall utilize the calculations required to be performed herein for making the required distributions of the Final Entitlement Amount, less any required tax withholdings or penalties, to each Class Member. In the event that the Settlement Administrator determines that the Plan of Allocation would otherwise require payments exceeding the Net Settlement Amount, the Settlement Administrator is authorized to make such changes as are necessary to the Plan of Allocation such that said totals do not exceed the Net Settlement Amount. The Settlement Administrator shall be solely responsible for performing any calculations required by this Plan of Allocation.

H. If the Settlement Administrator concludes that it is impracticable to implement

any provision of the Plan of Allocation, it shall be authorized to make such changes to the methodology as are necessary to implement as closely as possible the terms of the Settlement Agreement, so long as the total amount of distributions does not exceed the Net Settlement Amount.

      I.   No sooner than fourteen (14) calendar days following the expiration of all undeposited checks issued pursuant to this Plan of Allocation, any amount remaining in the Qualified Settlement Fund shall be paid to the Plan for the purpose of defraying administrative fees and expenses of the Plan that would otherwise be charged to the Plan's participants.  Unless otherwise expressly provided for in the Settlement Agreement, no part of the Settlement Fund may be used to reimburse any Defendant or otherwise offset costs, including Settlement-related costs, incurred by any Defendant.

      J.   Neither the Released Parties, Defense Counsel, nor Class Counsel shall have any responsibility for or liability whatsoever with respect to any tax advice given to Class Members, including Former Participants.

## III.   QUALIFICATIONS AND CONTINUING JURISDICTION

The Court will retain jurisdiction over the Plan of Allocation to the extent necessary to ensure that it is fully and fairly implemented.

EXHIBIT C

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARLOS O. NESBETH, AMIT GODAMBE, JENNY GALLERY, MISTY HOWELL and MICAH WEBB, individually and on behalf of all others similarly situated, | ) ) ) ) ) | **CIVIL ACTION NO.: 21-cv-01444-PD** |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| ICON CLINICAL RESEARCH, LLC, THE BOARD OF DIRECTORS OF ICON CLINICAL RESEARCH, LLC, THE 401(K) PLAN COMMITTEE OF ICON CLINICAL RESEARCH, LLC and JOHN DOES 1-30. | ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, PRELIMINARILY CERTIFYING A CLASS FOR SETTLEMENT PURPOSES, APPROVING FORM AND MANNER OF SETTLEMENT NOTICE, PRELIMINARILY APPROVING PLAN OF ALLOCATION AND SCHEDULING A DATE FOR A FAIRNESS HEARING

This Action involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"), with respect to the ICON Clinical Research LLC 401(k) Plan ("Plan").[1] The terms of the Settlement are set out in the Settlement Agreement, fully executed as of  _____, 2022, by counsel on behalf of the Named Plaintiffs, all Class Members, and Defendants, respectively.

Pursuant to the Named Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, Preliminary Certification of a Class for Settlement Purposes, Approving Form and Manner of Settlement Notice, Preliminarily Approving Plan of Allocation, and Scheduling a Date for a Fairness Hearing filed on January 28, 2022, the Court preliminarily considered the Settlement to determine, among other things, whether the Settlement is sufficient to warrant the issuance of notice to members of the proposed Settlement Class.  Upon reviewing the Settlement Agreement and the matter having come before the Court at the _____ hearing, due notice having been given and the Court having been fully advised in the premises, it is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

1.      **Preliminary Certification of the Settlement Class.**   In accordance with the Settlement Agreement, and pursuant to Rules 23(a) and (b)(1) of the Federal Rules of Civil Procedure, this Court hereby conditionally certifies the following class ("Settlement Class"):

> All persons who participated in the Plan at any time during the Class Period (March 26, 2015 through the date of this Order), including any Beneficiary of a deceased person who participated in the Plan at any time during the Class Period, and any Alternate Payee of a person subject to a Qualified Domestic Relations Order who participated in the Plan at any time during the Class Period.  Excluded from the Settlement Class are Defendants and their Beneficiaries.

---

[1]      All capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

2.      Pursuant to the Settlement Agreement, and for settlement purposes only, the Court preliminarily finds that:

(a)     as required by FED. R. CIV. P. 23(a)(1), the Settlement Class is ascertainable from records kept with respect to the Plan and from other objective criteria, and the Settlement Class is so numerous that joinder of all members is impracticable;

(b)     as required by FED. R. CIV. P. 23(a)(2), there are one or more questions of law and/or fact common to the Settlement Class;

(c)     as required by FED. R. CIV. P. 23(a)(3), the claims of the Named Plaintiffs are typical of the claims of the Settlement Class that the Named Plaintiffs seek to certify;

(d)     as required by FED. R. CIV. P. 23(a)(4), that the Named Plaintiffs will fairly and adequately protect the interests of the Settlement Class in that:  (i) the interests of the Named Plaintiffs and the nature of the alleged claims are consistent with those of the Settlement Class members; and (ii) there appear to be no conflicts between or among the Named Plaintiffs and the Settlement Class;

(e)     as required by FED. R. CIV. P. 23(b)(1), the prosecution of separate actions by individual members of the Settlement Class would create a risk of:  (i) inconsistent or varying adjudications as to individual Settlement Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in this Action; or (ii) adjudications as to individual Settlement Class members that, as a practical matter, would be

dispositive of the interests of the other members not parties to the individual adjudications, or substantially impair or impede the ability of such persons to protect their interests; and

(f)    as required by FED. R. CIV. P. 23(g), Class Counsel are capable of fairly and adequately representing the interests of the Settlement Class, and that Class Counsel:  (i) have done appropriate work identifying or investigating potential claims in the Action; (ii) are experienced in handling class actions; and (iii) have committed the necessary resources to represent the Settlement Class.

3.    The Court preliminarily appoints the Named Plaintiffs Carlos O. Nesbeth, Amit Godambe, Jenny Gallery, Misty Howell and Micah Webb as Class Representatives for the Settlement Class and Capozzi Adler, P.C., as Class Counsel for the Settlement Class.

4.    **Preliminary Approval of Proposed Settlement** – The Settlement Agreement is hereby preliminarily approved as fair, reasonable, and adequate.  This Court preliminarily finds that:

a)    The Settlement was negotiated vigorously and at arm's-length by Defense Counsel, on the one hand, and the Named Plaintiffs and Class Counsel on behalf of the Settlement Class, on the other hand;

b)    Named Plaintiffs and Class Counsel had sufficient information to evaluate the settlement value of the Action and have concluded that the Settlement is fair, reasonable and adequate;

c)    If the Settlement had not been achieved, Named Plaintiffs and the Settlement Class faced the expense, risk, and uncertainty of protracted litigation;

d)  The amount of the Settlement – nine hundred fifty thousand dollars ($950,000.00) is fair, reasonable, and adequate, taking into account the costs, risks, and delay of litigation, trial, and appeal.  The method of distributing the Class Settlement Amount is efficient, relying on Defendants' records and requiring no filing of claims.  The Settlement terms related to attorneys' fees do not raise any questions concerning fairness of the Settlement, and there are no agreements, apart from the Settlement, required to be considered under FED. R. CIV. P. 23(e)(2)(C)(iv).  The Class Settlement Amount is within the range of settlement values obtained in similar cases;

e)  At all times, the Named Plaintiffs and Class Counsel have acted independently of the Defendants and in the interest of the Settlement Class; and

f)  The proposed Plan of Allocation is fair, reasonable, and adequate.

5.      **Establishment of Qualified Settlement Fund –** A common fund is agreed to by the Settling Parties in the Settlement Agreement and is hereby established and shall be known as the "Settlement Fund."  The Settlement Fund shall be a "qualified settlement fund" within the meaning of Treasury Regulations § 1.468-1(a) promulgated under Section 468B of the Internal Revenue Code. The Settlement Fund shall be funded and administered in accordance with the terms of the Settlement.  Defendants shall have no withholding, reporting or tax reporting responsibilities with regard to the Settlement Fund or its distribution, except as otherwise specifically identified in the Settlement.  Moreover, Defendants shall have no liability, obligation, or responsibility for administration of the Settlement Fund or the disbursement of any monies from the Settlement Fund except for: (1) their obligation to cause the Gross Settlement Amount to be paid; and (2) their agreement to cooperate in providing information that is necessary for settlement

administration set forth in the Settlement Agreement.  The Settlement Administrator may make disbursements out of the Settlement Fund only in accordance with this Order or any additional Orders issued by the Court.  The Settlement Fund shall expire after the Settlement Administrator distributes all of the assets of the Settlement Fund in accordance with the Settlement Agreement, provided, however, that the Settlement Fund shall not terminate until its liability for any and all government fees, fines, taxes, charges and excises of any kind, including income taxes, and any interest, penalties or additions to such amounts, are, in the Settlement Administrator's sole discretion, finally determined and all such amounts have been paid by the Settlement Fund.  The Court and the Settlement Administrator recognize that there will be tax payments, withholding and reporting requirements in connection with the administration of the Settlement Fund. The Settlement Administrator shall, in accordance with the Settlement Agreement, determine, withhold, and pay over to the appropriate taxing authorities any taxes due with respect to any distribution from the Settlement Fund and shall make and file with the appropriate taxing authorities any reports or returns due with respect to any distributions from the Settlement Fund. The Settlement Administrator also shall determine and pay any income taxes owing with respect to the income earned by the Settlement Fund. Additionally, the Settlement Administrator shall file returns and reports with the appropriate taxing authorities with respect to the payment and withholding of taxes.  The Settlement Administrator, in its discretion, may request expedited review and decision by the IRS or the applicable state or local taxing authorities, with regard to the correctness of the returns filed for the Settlement Fund and shall establish reserves to assure the availability of sufficient funds to meet the obligations of the Settlement Fund itself and the Settlement Administrator as fiduciaries of the Settlement Fund.  Reserves may be established for taxes on the Settlement Fund income or on distributions.  The Settlement Administrator shall have

all the necessary powers, and take all necessary ministerial steps, to effectuate the terms of the Settlement Agreement, including the payment of all distributions. Such powers include investing, allocating and distributing the Settlement Fund, and in general supervising the administration of the Settlement Agreement in accordance with its terms and this Order. The Settlement Administrator shall keep detailed and accurate accounts of all investments, receipts, disbursements and other transactions of the Settlement Fund. All accounts, books and records relating to the Settlement Fund shall be open for reasonable inspection by such persons or entities as the Court orders. Included in the Settlement Administrator's records shall be complete information regarding actions taken with respect to the award of any payments to any person; the nature and status of any payment from the Settlement Fund and other information which the Settlement Administrator considers relevant to showing that the Settlement Fund is being administered, and awards are being made, in accordance with the purposes of the Settlement Agreement, this Order, and any future orders that the Court may find it necessary to issue.

6. **Fairness Hearing** – A hearing is scheduled for _____ [at least 120 days after preliminary approval] to make a final determination, concerning among other things:

- Any objections from Class Members to the Settlement or any aspects of it.

- Whether the Settlement merits final approval as fair, reasonable, and adequate;

- Whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement;

- Whether Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement;

- Whether the proposed Plan of Allocation should be granted final approval; and

- Whether Class Counsel's application(s) for Attorneys' Fees and Costs and Case Contribution Awards to the Named Plaintiffs are fair and reasonable, and should be approved.

7.     **Settlement Notice** – The Court approves the form of Settlement Notice attached as Exhibit A to the Settlement Agreement.  The Court finds that such form of notice fairly and adequately:  (a) describes the terms and effects of the Settlement Agreement, the Settlement, and the Plan of Allocation; (b) notifies the Settlement Class that Class Counsel will seek attorneys' fees and litigation costs from the Settlement Fund, payment of the costs of administering the Settlement out of the Settlement Fund, and for a Case Contribution Award for the Named Plaintiffs for their service in such capacity; (c) gives notice to the Settlement Class of the time and place of the Fairness Hearing; and (d) describes how the recipients of the Settlement Notice may object to any of the relief requested.

8.     **Settlement Administrator** – The Court hereby approves the appointment of JND Legal Administration as the Settlement Administrator for the Settlement.  The Court directs that the Settlement Administrator shall:

- By no later than _____ (thirty days after entry of this Order), cause the Settlement Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be provided by first-class mail, postage prepaid, to the last known address of each member of the Settlement Class who can be identified through reasonable effort.  Prior to mailing the Settlement Notice, JND shall conduct an advanced address research (via skip-trace databases) in order to identify current mailing address information for the Settlement Class members.  Additionally, JND must update the Settlement Class member address information

using data from the National Change of Address ("NCOA") database. After mailing the Settlement Notice, JND shall use commercially reasonable efforts to locate any Class Member whose Settlement Notice is returned and re-send such documents one additional time.

- By no later than _____(Thirty days after entry of this Order), cause the Settlement Notice to be sent by email to any email addresses on file for the Settlement Class members as of the date of this Preliminary Approval Order.

- By no later than _____ (thirty days after entry of this Order), cause the Settlement Notice to be published on the website identified in the Settlement Notice, www.ICONERISAsettlement.com, which will also host and make available copies of all Settlement-related documents, including the Settlement Agreement.

- The Court finds that the contents of the Settlement Notice and the process described herein and in the Settlement are the best notice practicable under the circumstances, and satisfy the requirements of Rule 23(c) and Due Process.

9. **Petition for Attorneys' Fees, Litigation Costs and Case Contribution Awards** – Any petition by Class Counsel for attorneys' fees, litigation costs and Case Contribution Awards to the Named Plaintiffs, and all briefs in support thereof, shall be filed no later than _____ (thirty days before the date for filing Objections specified in this Order).

10. **Briefs in Support of Final Approval of the Settlement** – Briefs and other documents in support of final approval of the Settlement shall be filed no later than _____ (thirty days before the date for filing objections specified in this Order).

11.  **Objections to Settlement** – Any member of the Settlement Class or authorized recipient of any CAFA Notice may file an objection to the fairness, reasonableness, or adequacy of the Settlement, to any term of the Settlement Agreement, to the Plan of Allocation, to the proposed award of attorneys' fees and litigation costs, to the payment of costs of administering the Settlement out of the Settlement Fund, or to the request for a Case Contribution Award for the Named Plaintiffs.  An objector must file with the Court a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that the objector wishes to bring to the Court's attention or introduce in support of the objection(s).  The address for filing objections with the Court is as follows:

Clerk of the Court
James A. Byrne U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

Re:  Nesbeth, et al. v. ICON Clinical Research, LLC, et al.,
     Civil Action No. 2:21-cv-01444-PD (EDPA)

The objector or his, her, or its counsel (if any) must file the objection(s) and supporting materials with the Court and provide a copy of the objection(s) and supporting materials to Class Counsel and Defense Counsel at the addresses in the Settlement Notice no later than _____ (fourteen days before the date of the Fairness Hearing specified in this Order).  If an objector hires an attorney to represent him, her, or it for the purposes of making an objection pursuant to this paragraph, the attorney must also file a notice of appearance with the Court no later than _____ (fourteen days before the date of the Fairness Hearing specified in this Order).  Any member of the Settlement Class or other Person who does not timely file a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall

be barred.   Any responses to objections shall be filed with the Court no later than _____ (seven days before the date of the Fairness Hearing specified in this Order).  There shall be no reply briefs.

12.     Any additional briefs the Parties may wish to file in support of the Settlement shall be filed no later than _____ (seven days before the date of the Fairness Hearing specified in this Order).

13.     **Appearance at Final Approval Hearing** – Any objector who files a timely, written objection in accordance with paragraph 11 above may also appear at the Fairness Hearing either in person or through qualified counsel retained at the objector's expense.  Objectors or their attorneys intending to appear at the Fairness Hearing must file a notice of intention to appear (and, if applicable, the name, address, and telephone number of the objector's attorney) with the Court by no later than _____ (seven days before the date of Fairness Hearing specified in this Order).  Any objectors, or their counsel, who does not timely file a notice of intention to appear in accordance with this paragraph shall not be permitted to speak at the Fairness Hearing, except for good cause shown.

14.     **Notice Expenses** – The expenses of printing, mailing, and publishing the Settlement Notice required herein shall be paid exclusively from the Qualified Settlement Fund.

15.     **Parallel Proceedings** – Pending final determination of whether the Settlement Agreement should be approved, the Named Plaintiffs, every Class Member, and the Plan are prohibited and enjoined from directly, through representatives, or in any other capacity, commencing any action or proceeding in any court or tribunal asserting any of the Released Claims against the Released Parties, including Defendants.

16.    **Class Action Fairness Act Notice** – The form of notice under the Class Action Fairness Act of 2005 ("CAFA") submitted as Exhibit E to the Settlement Agreement complies with the requirements of CAFA and will, upon mailing, discharge Defendants' obligations pursuant to CAFA.

17.    **Continuance of Final Approval Hearing** – The Court reserves the right to continue the Fairness Hearing without further written notice to the Class Members and also may schedule the hearing to be done by telephone or video conference.

SO ORDERED this _____ day of _____, 202__.


_____
Hon. Paul S. Diamond
United States District Judge

EXHIBIT D

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

CARLOS O. NESBETH, AMIT            )
GODAMBE, JENNY GALLERY, MISTY      )
HOWELL and MICAH WEBB, individually )     **CIVIL ACTION NO.: 21-cv-01444-PD**
and on behalf of all others similarly situated, )
                                    )
                  Plaintiffs,       )
                                    )
          v.                        )
                                    )
ICON CLINICAL RESEARCH, LLC, THE   )
BOARD OF DIRECTORS OF ICON         )
CLINICAL RESEARCH, LLC, THE 401(K) )
PLAN COMMITTEE OF ICON CLINICAL    )
RESEARCH, LLC and JOHN DOES 1-30.  )
                                    )
                  Defendants.       )

**[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT**

This Action came before the Court for hearing on _____ to determine the fairness of the proposed Settlement presented to the Court and the subject of this Court's Order Granting Preliminary Approval of Class Action Settlement, Preliminarily Certifying a Class for Settlement Purposes, Approving Form and Manner of Settlement Notice, and Setting Date for a Fairness Hearing.  Due notice having been given and the Court having been fully advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

Except as otherwise defined herein, all capitalized terms used in this Final Order and Judgment shall have the same meanings as ascribed to them in the Settlement Agreement executed by counsel on behalf of the Named Plaintiffs, all Class Members, and Defendants, respectively.

1.      The Court has jurisdiction over the subject matter of the Action and over all Settling Parties, including all members of the Settlement Class.

DB1/ 126990332.2                        1

2.      For the sole purpose of settling and resolving the Action, the Court certifies this

Action as a class action pursuant to Rules 23(a) and (b)(1) of the Federal Rules of Civil Procedure.

The Settlement Class is defined as:

> All persons who participated in the Plan at any time during the Class Period,
> including any Beneficiary of a deceased person who participated in the Plan
> at any time during the Class Period, and any Alternate Payee of a person
> subject to a Qualified Domestic Relations Order who participated in the
> Plan at any time during the Class Period.  Excluded from the Settlement
> Class are Defendants and their Beneficiaries.

3.      The Court finds for the sole purpose of settling and resolving the Action that:

(a)      as required by FED. R. CIV. P. 23(a)(1), the Settlement Class is ascertainable

from records kept with respect to the Plan and from other objective criteria, and the

Settlement Class is so numerous that joinder of all members is impracticable.

(b)      as required by FED. R. CIV. P. 23(a)(2), there are one or more questions of

law and/or fact common to the Settlement Class.

(c)      as required by FED. R. CIV. P. 23(a)(3), the claims of the Named Plaintiffs

are typical of the claims of the Settlement Class that the Named Plaintiffs seek to certify.

(d)      as required by FED. R. CIV. P. 23(a)(4), that the Named Plaintiffs will fairly

and adequately protect the interests of the Settlement Class in that:  (i) the interests of the

Named Plaintiffs and the nature of the alleged claims are consistent with those of the

Settlement Class members; and (ii) there appear to be no conflicts between or among the

Named Plaintiffs and the Settlement Class.

(e)      as required by FED. R. CIV. P. 23(b)(1), the prosecution of separate actions

by individual members of the Settlement Class would create a risk of:  (i) inconsistent or

varying adjudications as to individual Settlement Class members that would establish

incompatible standards of conduct for the parties opposing the claims asserted in this

Action; or (ii) adjudications as to individual Settlement Class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications, or substantially impair or impede the ability of such persons to protect their interests.

(f)    as required by FED. R. CIV. P. 23(g), Class Counsel are capable of fairly and adequately representing the interests of the Settlement Class, and that Class Counsel:  (i) have done appropriate work identifying or investigating potential claims in the Action; (ii) are experienced in handling class actions; and (iii) have committed the necessary resources to represent the Settlement Class.

4.    The Court hereby appoints Named Plaintiffs Carlos O. Nesbeth, Amit Godambe, Jenny Gallery, Misty Howell and Micah Webb as Class Representatives for the Settlement Class and Capozzi Adler, P.C., as Class Counsel for the Settlement Class.

5.    The Court hereby finds that the Settlement Class has received proper and adequate notice of the Settlement, the Fairness Hearing, Class Counsel's application for attorneys' fees and reimbursement of litigation costs and for Case Contribution Awards to the Named Plaintiffs, and the Plan of Allocation, such notice having been given in accordance with the Preliminary Approval Order.  Such notice included individual notice to all members of the Settlement Class who could be identified through reasonable efforts, as well as notice through a dedicated Settlement website on the internet, and provided valid, due, and sufficient notice of these proceedings and of the matters set forth in this Order, and included sufficient information regarding the procedure for the making of objections.  Such notice constitutes the best notice practicable under the circumstances and fully satisfies the requirements of FED. R. CIV. P. 23 and the requirements of due process.

6.     The Court hereby approves the Settlement and hereby orders that the Settlement shall be consummated and implemented in accordance with its terms and conditions.

7.     Pursuant to FED. R. CIV. P. 23(e), the Court finds that the Settlement embodied in the Settlement Agreement is fair, reasonable and adequate to the Plan and the Settlement Class, and more particularly finds that:

(a)     The Settlement was negotiated vigorously and at arm's-length by Defense Counsel, on the one hand, and the Named Plaintiffs and Class Counsel on behalf of the Settlement Class, on the other hand;

(b)     Plaintiffs and Defendants had sufficient information to evaluate the settlement value of the Action;

(c)     If the Settlement had not been achieved, Named Plaintiffs and the Settlement Class faced the expense, risk, and uncertainty of extended litigation;

(d)     The amount of the Settlement – nine hundred fifty thousand dollars ($950,000.00) is fair, reasonable, and adequate, taking into account the costs, risks, and delay of trial and appeal.  The method of distributing the Class Settlement Amount is efficient and requires no filing of claims.  The Settlement terms related to attorneys' fees do not raise any questions concerning fairness of the Settlement, and there are no agreements, apart from the Settlement, required to be considered under FED. R. CIV. P. 23(e)(2)(C)(iv).  The Class Settlement Amount is within the range of settlement values obtained in similar cases;

(e)     At all times, the Named Plaintiffs and Class Counsel have acted independently of Defendants and in the interest of the Settlement Class; and

(f)     The Court has duly considered and overruled any filed objection(s) to the Settlement to the extent there were any.

8.     The Plan of Allocation is finally approved as fair, reasonable, and adequate.  The Settlement Administrator shall distribute the Net Settlement Amount in accordance with the Plan of Allocation and the Settlement Agreement.  The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Class Member in accordance with the Plan of Allocation approved by the Court.

9.     All requirements of the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq*., have been met.

10.     The releases and covenants not to sue set forth in the Settlement Agreement, including but not limited to Article 7 of the Settlement Agreement, together with the definitions contained in the Settlement Agreement relating thereto, are expressly incorporated herein in all respects.  The Releases are effective as of the Settlement Effective Date.  Accordingly, the Court orders that, as of the Settlement Effective Date, the Plan, the Class Representatives, and the Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, predecessors, successors, assigns, agents, and attorneys) hereby fully, finally, and forever settle, release, relinquish, waive, and discharge all Released Parties (including Defendants) from all Released Claims, regardless of whether or not such Class Member may discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Class Action and the Released Claims and regardless of whether such Class Member receives a monetary benefit from the Settlement, actually received the Settlement Notice, filed an objection to the Settlement or to any

application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Class Member have been approved or allowed.

11.     The Class Representatives, Class Members, and the Plan hereby settle, release, relinquish, waive, and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims, including without limitation, Section 1542 of the California Civil Code, which provides: "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that if known by him or her would have materially affected his or her settlement with the debtor or released party."  The Class Representatives, Class Members, and the Plan with respect to the Released Claims also hereby waive any and all provisions, rights and benefits conferred by any law or of any State or territory within the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

12.     The Class Representatives, the Class Members, and the Plan acting individually or together, or in combination with others, are hereby permanently and finally barred and enjoined from suing the Released Parties in any action or proceeding alleging any of the Released Claims.

13.     Each Class Member hereby releases the Released Parties, Defense Counsel, and Class Counsel for any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

14.     The operative complaint and all claims asserted therein in the Action are hereby dismissed with prejudice and without costs to any of the Settling Parties and Released Parties other than as provided for in the Settlement Agreement.

15.     The Court shall retain exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance of the Settlement Agreement or any challenges as to the performance, validity, interpretation, administration, enforcement, or enforceability of the Settlement Notice, Plan of Allocation, this Final Approval Order and Judgment, or the Settlement Agreement or the termination of the Settlement Agreement.  The Court shall also retain exclusive jurisdiction and rule by separate Order with respect to all applications for awards of attorneys' fees and Case Contribution Awards to the Named Plaintiffs, and reimbursements of litigation costs, submitted pursuant to the Settlement Agreement.

16.     Any motion to enforce this Final Approval Order and Judgment or the Settlement Agreement, including by way of injunction, may be filed in this Court, and the provisions of the Settlement Agreement and/or this Final Approval Order and Judgment may also be asserted by way of an affirmative defense or counterclaim in response to any action that is asserted to violate the Settlement Agreement.

17.     In the event that the Settlement Agreement is terminated, in accordance with its terms, this Final Approval Order and Judgment shall be rendered null and void, ab initio, and shall be vacated nunc pro tunc, and this Action shall for all purposes with respect to the Parties revert to its status as of the day immediately before the day the Settlement was reached.  The Parties shall be afforded a reasonable opportunity to negotiate a new case management schedule.

18.     With respect to any matters that arise concerning the implementation of distributions to Class Members who have an Active Account (after allocation decisions have been made by the Settlement Administrator in its sole discretion), all questions not resolved by the Settlement Agreement shall be resolved by the Plan administrator or other fiduciaries of the Plan, in accordance with applicable law and the governing terms of the Plan.

19.     Within twenty-one (21) calendar days following the issuance of all settlement payments to Class Members as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who received a settlement payment or contribution from the Qualified Settlement Fund and the amount of such payment or contribution.

20.     Upon entry of this Order, all Settling Parties, the Settlement Class, and the Plan shall be bound by the Settlement Agreement and this Final Approval Order and Judgment.

SO ORDERED this _____ day of _____, 202__.

_____
Hon. Paul S. Diamond
United States District Judge

EXHIBIT 2

DocuSign Envelope ID: 722DA878-513E-469B-AADE-6BCD6D8503FA

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARLOS O. NESBETH, AMIT GODAMBE, JENNY GALLERY, MISTY HOWELL and MICAH WEBB, individually and on behalf of all others similarly situated, ) ) ) ) ) | **CIVIL ACTION NO.: 2:21-cv-01444-PD** |
| Plaintiffs, ) ) | |
| v. ) ) ) | |
| ICON CLINICAL RESEARCH, LLC, THE BOARD OF DIRECTORS OF ICON CLINICAL RESEARCH, LLC, THE 401(K) PLAN COMMITTEE OF ICON CLINICAL RESEARCH, LLC and JOHN DOES 1-30. ) ) ) ) ) ) | |
| Defendants. ) | |

**DECLARATION OF NAMED PLAINTIFF CARLOS O. NESBETH IN SUPPORT OF PLAINTIFFS CARLOS NESBETH, AMIT GODAMBE, JENNY GALLERY, MISTY HOWELL, AND MICAH WEBB'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS, APPROVAL OF CLASS NOTICE, APPROVAL OF PLAN OF ALLOCATION, AND SCHEDULING OF A FAIRNESS HEARING**

I, Carlos O. Nesbeth, make this Declaration pursuant to 28 U.S.C. § 1746, and hereby declare as follows:

1.     I am a Named Plaintiff in this action, listed in the operative Complaint.

2.     I currently reside in Washington, D.C. and have lived there during the entirety of this action.

3.     From the inception of this case, I have been represented by the Pennsylvania law firm of Capozzi Adler, P.C.

DocuSign Envelope ID: 722DA878-513E-469B-AADE-6BCD6D8503FA

4.      I worked at ICON Clinical Research, LLC ("ICON") from 2017 through 2018. While employed at ICON, I participated in the ICON Clinical Research, LLC 401(k) Plan (the "Plan").

5.      I joined the ICON lawsuit because I felt I could contribute to the cause.  I understood the lawsuit was on behalf of the Plan and a class of people just like me who were participants in the Plan.  I wanted to be a Named Plaintiff in this case because I believed that ICON had not been doing a good enough job in making sure participants had prudent investments to choose from in the Plan.  In other words, the Plan investments selected by ICON and its representatives were not proper investments for my retirement.  In joining this lawsuit, I hoped to obtain a monetary recovery for myself and all other similarly situated Plan participants in the Plan.

6.      I have conferred regularly with my attorneys at Capozzi Adler, P.C. throughout this litigation.  I also receive written updates on the litigation by email and letters.  My attorneys and I also discussed the events surrounding the settlement negotiations.  I discussed and will continue to discuss in more detail the proposed Settlement following the successful settlement negotiations. I have also gathered relevant documents and provided them to my attorneys throughout the litigation.  Had this litigation continued, I was fully prepared to present at a deposition and appear at trial, if necessary.

I declare under penalty of perjury that the forgoing is true and correct.

Executed on _____
                              1/21/2022

Carlos O. Nesbeth

2

EXHIBIT 3

DocuSign Envelope ID: CE2462ED-6F1E-402C-8FB2-1D5AA8B02D8E

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARLOS O. NESBETH, AMIT GODAMBE, JENNY GALLERY, MISTY HOWELL and MICAH WEBB, individually and on behalf of all others similarly situated, ) ) ) ) ) | CIVIL ACTION NO.: 2:21-cv-01444-PD |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| ICON CLINICAL RESEARCH, LLC, THE BOARD OF DIRECTORS OF ICON CLINICAL RESEARCH, LLC, THE 401(K) PLAN COMMITTEE OF ICON CLINICAL RESEARCH, LLC and JOHN DOES 1-30. ) ) ) ) ) ) | |
| Defendants. ) | |

**DECLARATION OF NAMED PLAINTIFF AMIT GODAMBE IN SUPPORT OF PLAINTIFFS CARLOS NESBETH, AMIT GODAMBE, JENNY GALLERY, MISTY HOWELL, AND MICAH WEBB'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS, APPROVAL OF CLASS NOTICE, APPROVAL OF PLAN OF ALLOCATION, AND SCHEDULING OF A FAIRNESS HEARING**

I, Amit Godambe, make this Declaration pursuant to 28 U.S.C. § 1746, and hereby declare as follows:

1.      I am a Named Plaintiff in this action, listed in the operative Complaint.

2.      I currently reside in Malvern, PA and have lived there during the entirety of this action.

3.      From the inception of this case, I have been represented by the Pennsylvania law firm of Capozzi Adler, P.C.

DocuSign Envelope ID: CE2462ED-6F1E-402C-8FB2-1D5AA8B02D8E

4.      I worked at ICON Clinical Research, LLC ("ICON") from 2019 through 2020. While employed at ICON, I participated in the ICON Clinical Research, LLC 401(k) Plan (the "Plan").

5.      I joined the ICON lawsuit because I felt I could contribute to the cause. I understood the lawsuit was on behalf of the Plan and a class of people just like me who were participants in the Plan. I wanted to be a Named Plaintiff in this case because I believed that ICON had not been doing a good enough job in making sure participants had prudent investments to choose from in the Plan. In other words, the Plan investments selected by ICON and its representatives were not proper investments for my retirement. In joining this lawsuit, I hoped to obtain a monetary recovery for myself and all other similarly situated Plan participants in the Plan.

6.      I have conferred regularly with my attorneys at Capozzi Adler, P.C. throughout this litigation. I also receive written updates on the litigation by email and letters. My attorneys and I also discussed the events surrounding the settlement negotiations. I discussed and will continue to discuss in more detail the proposed Settlement following the successful settlement negotiations. I have also gathered relevant documents and provided them to my attorneys throughout the litigation. Had this litigation continued, I was fully prepared to present at a deposition and appear at trial, if necessary.

I declare under penalty of perjury that the forgoing is true and correct.

Executed on _____
1/21/2022

DocuSigned by:

*Amit Godambe*
11B9922A976F449...

Amit Godambe

2

EXHIBIT 4

DocuSign Envelope ID: 832587B4-D6EF-43EA-B504-69C45CA87535

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARLOS O. NESBETH, AMIT GODAMBE, JENNY GALLERY, MISTY HOWELL and MICAH WEBB, individually and on behalf of all others similarly situated, | ) ) ) ) ) | **CIVIL ACTION NO.:** **2:21-cv-01444-PD** |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | |
| ICON CLINICAL RESEARCH, LLC, THE BOARD OF DIRECTORS OF ICON CLINICAL RESEARCH, LLC, THE 401(K) PLAN COMMITTEE OF ICON CLINICAL RESEARCH, LLC and JOHN DOES 1-30. | ) ) ) ) ) ) | |
| Defendants. | ) | |

**DECLARATION OF NAMED PLAINTIFF JENNY GALLERY IN SUPPORT OF PLAINTIFFS CARLOS NESBETH, AMIT GODAMBE, JENNY GALLERY, MISTY HOWELL, AND MICAH WEBB'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS, APPROVAL OF CLASS NOTICE, APPROVAL OF PLAN OF ALLOCATION, AND SCHEDULING OF A FAIRNESS HEARING**

I, Jenny Gallery, make this Declaration pursuant to 28 U.S.C. § 1746, and hereby declare as follows:

1.     I am a Named Plaintiff in this action, listed in the operative Complaint.

2.     I currently reside in New York Mills, NY and have lived there during the entirety of this action.

3.     From the inception of this case, I have been represented by the Pennsylvania law firm of Capozzi Adler, P.C.

DocuSign Envelope ID: 832587B4-D6EF-43EA-B504-69C45CA87535

4.      I worked at ICON Clinical Research, LLC ("ICON") from 2016 through 2019. While employed at ICON, I participated in the ICON Clinical Research, LLC 401(k) Plan (the "Plan").

5.      I joined the ICON lawsuit because I felt I could contribute to the cause.  I understood the lawsuit was on behalf of the Plan and a class of people just like me who were participants in the Plan.  I wanted to be a Named Plaintiff in this case because I believed that ICON had not been doing a good enough job in making sure participants had prudent investments to choose from in the Plan.  In other words, the Plan investments selected by ICON and its representatives were not proper investments for my retirement.  In joining this lawsuit, I hoped to obtain a monetary recovery for myself and all other similarly situated Plan participants in the Plan.

6.      I have conferred regularly with my attorneys at Capozzi Adler, P.C. throughout this litigation.  I also receive written updates on the litigation by email and letters.  My attorneys and I also discussed the events surrounding the settlement negotiations.  I discussed and will continue to discuss in more detail the proposed Settlement following the successful settlement negotiations.  I have also gathered relevant documents and provided them to my attorneys throughout the litigation.  Had this litigation continued, I was fully prepared to present at a deposition and appear at trial, if necessary.

I declare under penalty of perjury that the forgoing is true and correct.

Executed on _____
1/21/2022

Jenny Gallery

2

EXHIBIT 5

DocuSign Envelope ID: 3FD0E8D3-8757-4834-8425-F4A5527EC193

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARLOS O. NESBETH, AMIT GODAMBE, JENNY GALLERY, MISTY HOWELL and MICAH WEBB, individually and on behalf of all others similarly situated, ) | **CIVIL ACTION NO.:** **2:21-cv-01444-PD** |
| Plaintiffs, ) | |
| v. ) | |
| ICON CLINICAL RESEARCH, LLC, THE BOARD OF DIRECTORS OF ICON CLINICAL RESEARCH, LLC, THE 401(K) PLAN COMMITTEE OF ICON CLINICAL RESEARCH, LLC and JOHN DOES 1-30. ) | |
| Defendants. ) | |

**DECLARATION OF NAMED PLAINTIFF MISTY HOWELL IN SUPPORT OF PLAINTIFFS CARLOS NESBETH, AMIT GODAMBE, JENNY GALLERY, MISTY HOWELL, AND MICAH WEBB'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS, APPROVAL OF CLASS NOTICE, APPROVAL OF PLAN OF ALLOCATION, AND SCHEDULING OF A FAIRNESS HEARING**

I, Misty Howell, make this Declaration pursuant to 28 U.S.C. § 1746, and hereby declare as follows:

1.      I am a Named Plaintiff in this action, listed in the operative Complaint.

2.      I currently reside in Antioch, TN and have lived there during the entirety of this action.

3.      From the inception of this case, I have been represented by the Pennsylvania law firm of Capozzi Adler, P.C.

DocuSign Envelope ID: 3FD0E8D3-8757-4834-8425-F4A5527EC193

4.      I worked at ICON Clinical Research, LLC ("ICON") from 1997 through 2018. While employed at ICON, I participated in the ICON Clinical Research, LLC 401(k) Plan (the "Plan").

5.      I joined the ICON lawsuit because I felt I could contribute to the cause.  I understood the lawsuit was on behalf of the Plan and a class of people just like me who were participants in the Plan.  I wanted to be a Named Plaintiff in this case because I believed that ICON had not been doing a good enough job in making sure participants had prudent investments to choose from in the Plan.  In other words, the Plan investments selected by ICON and its representatives were not proper investments for my retirement.  In joining this lawsuit, I hoped to obtain a monetary recovery for myself and all other similarly situated Plan participants in the Plan.

6.      I have conferred regularly with my attorneys at Capozzi Adler, P.C. throughout this litigation.  I also receive written updates on the litigation by email and letters.  My attorneys and I also discussed the events surrounding the settlement negotiations.  I discussed and will continue to discuss in more detail the proposed Settlement following the successful settlement negotiations. I have also gathered relevant documents and provided them to my attorneys throughout the litigation.  Had this litigation continued, I was fully prepared to present at a deposition and appear at trial, if necessary.

I declare under penalty of perjury that the forgoing is true and correct.

Executed on ___1/21/2022_____

DocuSigned by:

*Misty Howell*

DA9A146297054B4...

Misty Howell

EXHIBIT 6

DocuSign Envelope ID: 7FBC7FD3-0EE8-44B0-919F-B5B4795A27F2

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARLOS O. NESBETH, AMIT GODAMBE, JENNY GALLERY, MISTY HOWELL and MICAH WEBB, individually and on behalf of all others similarly situated, | ) ) ) ) ) |
| | **CIVIL ACTION NO.: 2:21-cv-01444-PD** |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| ICON CLINICAL RESEARCH, LLC, THE BOARD OF DIRECTORS OF ICON CLINICAL RESEARCH, LLC, THE 401(K) PLAN COMMITTEE OF ICON CLINICAL RESEARCH, LLC and JOHN DOES 1-30. | ) ) ) ) ) ) |
| Defendants. | ) ) |

**DECLARATION OF NAMED PLAINTIFF MICAH WEBB IN SUPPORT OF PLAINTIFFS CARLOS NESBETH, AMIT GODAMBE, JENNY GALLERY, MISTY HOWELL, AND MICAH WEBB'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS, APPROVAL OF CLASS NOTICE, APPROVAL OF PLAN OF ALLOCATION, AND SCHEDULING OF A FAIRNESS HEARING**

I, Micah Webb, make this Declaration pursuant to 28 U.S.C. § 1746, and hereby declare as follows:

1.      I am a Named Plaintiff in this action, listed in the operative Complaint.

2.      I currently reside in Miami, FL and have lived there during the entirety of this action.

3.      From the inception of this case, I have been represented by the Pennsylvania law firm of Capozzi Adler, P.C.

DocuSign Envelope ID: 7FBC7FD3-0EE8-44B0-919F-B5B4795A27F2

4.      I worked at ICON Clinical Research, LLC ("ICON") from 2016 through 2019. While employed at ICON, I participated in the ICON Clinical Research, LLC 401(k) Plan (the "Plan").

5.      I joined the ICON lawsuit because I felt I could contribute to the cause.  I understood the lawsuit was on behalf of the Plan and a class of people just like me who were participants in the Plan.  I wanted to be a Named Plaintiff in this case because I believed that ICON had not been doing a good enough job in making sure participants had prudent investments to choose from in the Plan.   In other words, the Plan investments selected by ICON and its representatives were not proper investments for my retirement.  In joining this lawsuit, I hoped to obtain a monetary recovery for myself and all other similarly situated Plan participants in the Plan.

6.      I have conferred regularly with my attorneys at Capozzi Adler, P.C. throughout this litigation.  I also receive written updates on the litigation by email and letters.  My attorneys and I also discussed the events surrounding the settlement negotiations.  I discussed and will continue to discuss in more detail the proposed Settlement following the successful settlement negotiations. I have also gathered relevant documents and provided them to my attorneys throughout the litigation.  Had this litigation continued, I was fully prepared to present at a deposition and appear at trial, if necessary.

I declare under penalty of perjury that the forgoing is true and correct.

Executed on _____1/21/2022_____

DocuSigned by:

*Micah Webb*

E2E22EE592C84B1

Micah Webb

EXHIBIT 7

## DECISIONS CERTIFYING ACTIONS BROUGHT PURSUANT TO ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2)

### A.  Certifications in "Excessive Fee" Cases

*Henderson, et al., v. Emory Univ*., et al., No. 1:16-cv-02920 (N.D. Ga. Sept. 13, 2018) (certifying class under 23(b)(1)(A) and (B)).

*Fuller, et al., v. SunTrust Banks, Inc,. et al.*, No. 1:11-cv-784, 2018 U.S. Dist. LEXIS 113108 (N.D. Ga. June 27, 2018) (certifying class under 23(b)(1)(A) and (B)).

*Clark v. Duke Univ.*, No. 1:16-cv-1044, 2018 WL 1801946 (M.D.N.C. April 13, 2018) (certifying class under 23(b)(1)(A) and (B)).

*Sacerdote v. New York Univ.*, No. 16-cv-6284, 2018 WL 840364 (S.D.N.Y. Feb. 13, 2018) (certifying 23(b)(1) Class)).

*Troudt v. Oracle Corporation, et al.*, No. 16-cv-0175 (D. Colo. Jan. 30, 2018) (certifying class and subclasses pursuant to Rule 23(b)(1)(A)).

*Wildman v. Am. Century Servs., LLC,* No. 16-cv-0737, 2017 WL 6045487 (W.D. Mo. Dec. 6, 2017) (certifying class and subclasses pursuant to Rule 23(b)(1)).

*Leber, et al., v. Citigroup 401(k) Plan Investment Committee*, 323 F.R.D. 145 (S.D.N.Y. Nov. 27, 2017) (certifying class under 23(b)(1)(B)).

*Marshall, et al., v. Northrop Grumman Corp., et al*., No. 16-cv-6794 (C.D. Cal. Nov. 2, 2017) (certifying class and subclasses pursuant to Rules 23(a) and 23(b)(1)).

*Moreno, et al., v. Deutsche Bank Americas Holding Corp*., No. 15-cv-9936, 2017 WL 3868803 (S.D.N.Y. Sept. 5, 2017) (certifying class and subclasses pursuant to Rules 23(a) and (b)(1)(B)).

*Sims v. BB & T Corp*., No. 15-cv-732, 2017 WL 3730552 (M.D.N.C. Aug. 28, 2017) (certifying class and subclasses pursuant to Rules 23(a) and Rule 23(b)(1)(A)).

*Cryer v. Franklin Templeton Resources, Inc.*, No. 16-cv-4265, 2017 WL 4023149 (N.D. Cal. July 26, 2017) (certifying class and subclasses pursuant to Rule 23(b)(1)).

*Urakhchin v. Allianz Asset Mgmt. of Am., L.P.*, 2017 WL 2655678 (C.D. Cal. June 15, 2017) (certifying class and subclass pursuant to Rule 23(b)(1)).

*Rozo v. Principal Life Ins. Co*., No. 14-cv-463, 2017 WL 2292834 (S.D. Iowa May 12, 2017) (certifying class and subclasses pursuant to Rules 23(a) and Rule 23(b)(1)(A)).

*Teets v. Great-West Life & Annuity Ins. Co*., 315 F.R.D. 362 (D. Colo. 2016) (certifying class and subclasses pursuant to Rule 23(b)(1)(A)).

*Krueger v. Ameriprise Fin.*, 304 F.R.D. 559 (D. Minn. 2014) (certifying class under 23(b)(1)(A) and (B)).

*Spano v. Boeing Co.*, 294 F.R.D. 114, 127 (S.D. Ill. 2013) (certifying class and subclasses pursuant to Rule 23(b)(1)(A) and 23(b)(1)(B)).

*George v. Kraft Foods Global*, 270 F.R.D. 355, 369 (ND. Ill. 2010) (certifying class under Rule 23(b)(1)(B)).

*Tibble v. Edison Int'l*, No. 07-cv-5359, 2009 WL 6764541 (C.D. Cal. June 29, 2009) (granting class under 23(b)(1)(A)).

*Kanawi v. Bechtel Corp.*, 254 F.R.D. 102, 111 (N.D. Cal. 2008) (certifying under Rule 23(b)(1)(A)).

*Beesley v. Int'l Paper Co.*, No. 06-cv-00703, 2008 WL 4450319, at *9 (S.D. Ill. Sept. 30, 2008) (certifying under Rule 23(b)(1)).

*Tussey v. ABB, Inc.*, No. 06-cv-4305, 2007 WL 4289694, at *9 (W.D. Mo. Dec. 3, 2007) (finding certification of a class of plaintiffs appropriate under FED. R. CIV. P. 23(b)(1)(A) and (B)).

*Loomis v. Exelon Corp.*, No. 06-cv-4900, 2007 WL 2981951, at *4 (N.D. Ill. June 26, 2007) (certifying under Rule 23(b)(1)(B)).

*In re: Northrop Grumman Corp. ERISA Litig.*, No. 06-cv-06213, 2011 WL 3505264 (C.D. Cal. Mar. 29, 2011) (certifying under Rule 23(b)(1)(B)).

*Figas v. Wells Fargo*, No. 08-cv-4546, 2010 WL 2943155 (D. Minn. Apr. 6, 2010) (certified under Rule 23(b)(3)).

*Taylor v. United Tech. Corp.*, No. 3:06-cv-1494, 2008 WL 2333120 (D. Conn. June 3, 2008) (certifying class under 23(b)(1)(A) and (B)).

*Cassell v. Vanderbilt Univ.*, 2018 WL 5264640 (M.D. Tenn. Oct. 23, 20018).

## B. Certifications In Other Actions Alleging Failure To Prudently Manage a Plan's Assets

*In re: J.P. Morgan Stable Value Fund ERISA Litig.*, No. 12-cv-2548, 2017 WL 1273963 (S.D.N.Y. Mar. 31, 2017) (certifying class and subclasses pursuant to Rules 23(a) and 23(b)(3)).

*In re: SunTrust Banks, Inc., ERISA Litigation*, No. 1:08-cv-03384, 2016 WL 4377131 (N.D. Ga. Aug. 17, 2016) ((certifying class under 23(b)(1)(A) and (B)).

*Knight v. Lavine*, No. 12-cv-611, 2013 WL 427880, at *5 (E.D. Va. Feb. 4, 2013) (finding certification appropriate under Rule 23(b)(1) and Rule 23(b)(2)).

*In re: YRC Worldwide, Inc., ERISA Litig.*, No. 09-cv-2593, 2011 WL 1303367, at *8-*12 (D. Kan. Apr. 6, 2011) (certifying class under Rule 23(b)(1)(B)).

*Yost v. First Horizon Nat. Corp.*, No. 08-cv-2293, 2011 WL 2182262, at *13-*14 (W.D. Tenn. June 3, 2011) (certifying under Rule 23(b)(1)(A) and 23(b)(1)(B)).

*Shanehchian v. Macy's, Inc.*, No. 07-cv-00828, 2011 WL 883659, at *10 (S.D. Ohio Mar. 10, 2011) (conditionally certifying under Rule 23(b)(1)(A) and 23(b)(1)(B)).

*Board of Trustees of the AFTRA Ret. Fund v. JPMorgan Chase Bank, N.A.*, 269 F.R.D. 340, 345 (S.D.N.Y. 2010) (certifying class under 23(b)(3)).

*Harris v. Koenig*, 271 F.R.D. 383, 396 (D.D.C. 2010) (certifying under Rule 23(b)(1)(A) and 23(b)(1)(B)).

*Taylor v. ANB Bancshares, Inc.*, No. 08-cv-5170, 2010 WL 4627841, at *13 (W.D. Ark. Oct. 18, 2010) (Magistrate Judge Report and Recommendation recommending certification under Rule 23(b)(1)(A) and 23(b)(1)(B)), adopted by District Court, No. 08-cv-5170, 2010 WL 4627672 (W.D. Ark. Nov. 4, 2010)).

*Hans v. Tharaldson*, No. 05-cv-115, 2010 WL 1856267, at *10 (D.N.D. May 7, 2010) (certifying under Rule 23(b)(1)(A) and 23(b)(1)(B)).

*Moore v. Comcast Corp.*, 268 F.R.D. 530, 538 (E.D. Pa. 2010) (certifying under Rule 23(b)(1)(B)).

*Stanford v. Foamex, L.P.*, 263 F.R.D. 156, 175 (E.D. Pa. 2009) (certifying under Rule 23(b)(1)).

*In re: Nortel Networks Corp. "ERISA" Litig.*, No. 03-MD-01537, 2009 WL 3294827, at *14-*16 (M.D. Tenn. Sept. 2, 2009) (certifying under Rule 23(b)(1)(B) and 23(b)(1)(A)).

*In re: Merck & Co., Inc., Securities, Derivative & "ERISA" Litig.*, MDL No. 1658, 2009 WL 331426, at *10-*12 (D.N.J. Feb. 10, 2009) (certifying under Rule 23(b)(1)(B) and Rule 23(b)(1)(A)).

*Shirk v. Fifth Third Bancorp*, No. 05-cv-049, 2008 WL 4425535, at *5 (S.D. Ohio Sept. 30, 2008) (certifying under Rule 23(b)(1)(B)).

*Lyell v. Farmers Group Inc. Employees' Pension Plan*, No. 07-cv-1576, 2008 WL 5111113, at *7 (D. Ariz. Dec. 3, 2008) (granting certification of class pursuant to Rule 23(b)(1)).

*Tatum v. R.J. Reynolds Tobacco Co.*, 254 F.R.D. 59, at 66-67 (M.D.N.C. 2008) (certifying under Rule 23(b)(1)(B)).

*Alvidres* v. *Countrywide Financial Corp.*, No. 07-cv-5810, 2008 WL 1766927, at *3 (C.D. Cal. Apr.16, 2008) (certifying under Rule 23(b)(1)(A)).

*Brieger v. Tellabs, Inc.*, 245 F.R.D. 345, 356-57 (N.D. Ill. 2007) (certifying under Rule 23(b)(1)).

*Lively v. Dynegy, Inc.*, No. 05-cv-0063, 2007 WL 685861, at *14-*16 (S.D. Ill. Mar. 2, 2007) (certifying prudence claim under Rule 23(b)(1)(B)).

*Eslava v. Gulf Telephone Co.*, No. 04-cv-00297, 2007 WL 2298222, at *6 (S.D. Ala. Aug. 7, 2007) (certifying under Rule 23(b)(1)(B)).

*Baker v. Kingsley*, No. 03-cv-1750, 2007 WL 1597654, at *5 (N.D. Ill. May 31, 2007) (certifying class under Rule 23(b)(1)).

*Smith v. Aon Corp.*, 238 F.R.D. 609, 618 (N.D. Ill. 2006) (certifying under Rules 23(b)(1) and 23(b)(2)).

*In re: Polaroid ERISA Litig.*, 240 F.R.D. 65, 78 (S.D.N.Y. 2006) (certifying under Rule 23(b)(1)).

*In re: AOL Time Warner ERISA Litig.*, No. 02-cv-8853, 2006 WL 2789862, at *4 (S.D.N.Y. Sept. 27, 2006) (certifying under Rule 23(b)(1)(B)).

*In re: Tyco Int'l Ltd.*, No. 02-MD-1335, 2006 WL 2349338, at *7-*8 (D.N.H. Aug. 15, 2006) (certifying under Rule 23(b)(1)(B)).

*Colesberry v. Ruiz Food Products, Inc.*, No. 04-cv-5516, 2006 WL 1875444, at *5 (E.D. Cal. June 30, 2006) (certifying under Rule 23(b)(1)(B)).

*In re: Aquila ERISA Litig.*, 237 F.R.D. 202, 213 (W.D. Mo. 2006) (certifying under Rule 23(B)(1)(A)).

*In re: Enron Corp. Sec., Derivative & "ERISA" Litig.*, MDL No. 1446, 2006 WL 1662596, at *13-*19 (S.D. Tex. June 7, 2006) (certifying under Rule 23(b)(1)(A) and 23(b)(1)(B), and in the alternative, under Rle 23(b)(3)).

*Rogers v. Baxter Int'l.*, No. 04-cv-6476, 2006 WL 794734, at *8-*11 (N.D. Ill. Mar. 22, 2006) (certifying under Rule 23(b)(1)(A) and 23(b)(1)(B)).

*DiFelice v. U.S. Airways, Inc.*, 235 F.R.D. 70, 80 (E.D. Va. 2006) (finding certification of the proposed class appropriate under Rule 23(b)(1)).

*Kirse v. McCullough*, No. 04-cv-1067, 2005 WL 3302008, at *3 (W.D. Mo. Dec. 5, 2005) (certifying under Rule 23(b)(2)).

*In re: ADC Telecoms., Inc.*, No. 03-cv-2989, 2005 WL 2250782, at *4-*5 (D. Minn. Sept. 15, 2005) (certifying under Rule 23(b)(1)).

*In re: Williams Co. ERISA Litig.*, 231 F.R.D. 416, 424-25 (N.D. Okla. 2005) (certifying under Rule 23(b)(1)(A) and 23(b)(1)(B), and in the alternative, under Rule 23(b)(2)).

*In re: Syncor ERISA Litig.*, 227 F.R.D. 338, 346 (C.D. Cal. 2005) (certifying under Rule 23(b)(10(B)).

*In re: Enron Corp. Sec., Derivative, & ERISA Litig.*, 228 F.R.D. 541, 556 (S.D. Tex. 2005) (certifying under Rule 23(b)(1)(A) and 23(b)(1)(B)).

*Baker v. Comprehensive Employee Solutions*, 227 F.R.D. 354, 360 (D. Utah 2005) (finding certification appropriate under both (b)(1)(A) and (b)(1)(B)).

*Godshall v. Franklin Mont Co.*, No. 01-cv-6539, 2004 WL 2745890, at *3 (E.D. Pa. Dec. 1, 2004) (certifying under Rule 23(b)(1)(B)).

*In re: Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 453 (S.D.N.Y. 2004) (certifying under Rules 23(b)91) and 23(b)(2)).

*In re: CMS Energy ERISA Litig.*, 225 F.R.D. 539, 545-46 (E.D. Mich. 2004) (certifying under Rule 23(b)(1)(A) and 23(b)(1)(B)).

*Rankin v. Rots*, 220 F.R.D. 511, 522-23 (E.D. Mich. 2004) (certifying under Rule 23(b)(1)(A) and 23(b)(1)(B)).

*In re: WorldCom Inc. ERISA Litig.*, No. 02-cv-4816, 2004 WL 2211664, at *3 (S.D.N.Y. Oct. 4, 2004) (certifying under Rule 23(b)(1)(B)).

*Furstenau v. AT&T Corp.*, No. 02-cv-5409, 2004 WL 5582592, at *4 (D.N.J. Sept. 2, 2004) (certifying under Rule 23(b)(1)).

*In re: Electronic Data Sys. Corp. ERISA Litig.*, 224 F.R.D. 613, 628-30 (E.D. Tex. 2004) (certifying prudence claims under Rule 23(b)(1)(A) and (B) and Rule 23(b)2)).

*Nelson v. IPALCO Enter., Inc.*, No. 02-cv-477, 2003 WL 23101792, at *10-*15 (S.D. Ind. Sept. 30, 2003) (certifying under Rule 23(b)(3)).

*Kolar v. Rite Aid Corp.*, No. 01-cv-1229, 2003 WL 1257272, at *3 (E.D. Pa. Mar. 11, 2003) (certifying under Rule 23(b)(1)).

*Babcock v. Computer Associates Int'l., Inc.*, 212 F.R.D. 126, 131-32 (E.D.N.Y. 2003) (certifying under Rule 23(b)(1) and Rule 23(b)(3)).

*Koch v. Dwyer*, No. 98-cv-5519, 2001 WL 289972, at *4-*5 (S.D.N.Y. Mar. 23, 2001) (certifying under Rule 23(b)(1)).

*In re: Ikon Office Solutions, Inc.*, 191 F.R.D. 457, 466-67 (E.D. Pa. 2000) (certifying under Rule 23(b)(1)).

*In re: Schering-Plough Corp. Enhance ERISA Litig.*, 2012 LW 1964451 (D.N.J. Dec. 16, 2010).

*Cunningham, et al., v. WAWA, Inc., et al*, 387 F.Supp.3d 529 (E.D. Pa. 2019).