**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CARLOS NESBETH, *et al*., individually and on behalf of all others similarly situated,** | : | |
| | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **Civ. No. 21-1444** |
| | : | |
| **ICON CLINICAL RESEARCH LLC, *et al*.,** | : | |
| **Defendants.** | : | |

## <u>O R D E R</u>

On March 26, 2021, Plaintiffs Carlos O. Nesbeth, Amit Godambe, Jenny Gallery, Misty Howell, and Micah Webb brought this ERISA class action against Defendants ICON Clinical Research, LLC; the Board of Directors of ICON Clinical Research, LLC; members of the Board of Directors (referred to as John Does 1-10 in the Complaint); the 401(k) Plan Committee of ICON Clinical Research, LLC; members of the 401(k) Plan Committee (referred to as John Does 11-20 in the Complaint); and "additional officers, employees and/or contractors of ICON who are/were fiduciaries of the Plan during the Class Period, or were hired as an investment manager for the Plan during the Class Period" whose identities are unknown (referred to as John Does 21-30 in the Complaint), alleging that Defendants had breached their fiduciary duties under the Employee Retirement Income Security Act of 1974 by failing to manage the ICON Clinical Research, LLC 401(k) Plan prudently.  (Compl., Doc. No. 1.)  Plaintiffs now ask me to certify conditionally a Settlement Class and approve preliminarily the Parties' Proposed Settlement.  Because I conclude preliminarily that the Proposed Settlement Class meets the requirements of Rule 23, the Proposed Settlement is within the range of reasonableness, and the notice provisions are consistent with the requirements of due process and Rule 23, I will grant Plaintiffs' Motion.

## I.      BACKGROUND

ICON's 401(k) Plan is an ERISA-qualified defined contribution plan.  (Compl. ¶ 44, Doc.

No. 1; Ans. ¶ 44, Doc. No. 10); 29 U.S.C. § 1002(34).  The 401(k) Plan Committee is "responsible

for oversight of the Plan, determines the appropriateness of the Plan's investment offerings, and

monitors investment performance."  (Compl. ¶ 32 (internal quotations omitted).)  Plaintiffs allege

that all Defendants are fiduciaries of the Plan.  (Id. at ¶¶ 56.)

Regular, full-time ICON employees are eligible to participate in the Plan.  (Id. at ¶ 45.)

ICON employees may contribute up to 75% "of eligible compensation … up to the annual limit

established" by the IRS.  (Id. at ¶ 47 (internal quotations omitted).)   ICON matches some

contributions.  (Id.)  Plan participants' own contributions vest immediately; ICON's matching

contributions are subject to a three-year vesting schedule.  (Id. at ¶ 51; Ans. ¶ 51.)  The Plan's

administrative expenses are paid using Plan assets.  (Compl. at ¶ 55; Ans. ¶ 55.)

Named Plaintiffs are all ICON employees who participated in the Plan during the proposed

Class Period.  (Compl. at ¶¶ 17-21.)

Plaintiffs plead the following claims in their Complaint:

- Count I: The Plan Committee and individual Plan Committee members breached their fiduciary duty of prudence by selecting and retaining high-cost investment options, wasting assets, and creating unnecessary costs.  (Id. at ¶¶ 58, 101-07); 29 U.S.C. §§ 1002(21)(A), 1104(a), 1105(a), 1109(a), 1132(a)(2); and

- Count II: ICON, its Board, and individual Board members failed to adequately monitor the Plan Committee and other fiduciaries.  (Id. at ¶¶ 108-14); 29 U.S.C. §§ 1109(a), 1132(a)(2).

Plaintiffs contend that they are entitled to "equitable relief and other appropriate relief" pursuant

to 29 U.S.C. §§ 1109(a), 1132(a)(2).  (Id. at ¶¶ 106, 114, Prayer for Relief.)  They further contend

that each Defendant is liable for the breaches of its co-fiduciaries pursuant to 29 U.S.C. § 1105(a).

## II.      LEGAL STANDARDS

Although Defendants do not oppose class certification, I must independently determine that the Proposed Settlement Class satisfies the requirements of Rule 23.  See Amchem v. Windsor, 521 U.S. 591, 620 (1997); In re Prudential Ins. Co. of Amer. Sales Practices Litig., 148 F.3d 283, 208 (3d Cir. 1998) ("[A] district court must … find a class satisfies the requirements of Rule 23, regardless whether it certifies the class for trial or for settlement.").

I must then determine whether to approve preliminarily "[t]he claims, issues, or defenses of [the] certified class."  Fed. R. Civ. P. 23(e).  At preliminary approval, I must determine if there are any obvious deficiencies and whether the "settlement falls within the range of reason."  Gates v. Rohm & Haas Co., 248 F.R.D. 434, 438 (E.D. Pa. 2008) (quotations omitted); see also Manual for Complex Litigation, § 21.632 (4th ed. 2004).  "The preliminary approval decision is not a commitment [to] approve the final settlement."  Gates, 248 F.R.D. at 438.  Final approval requires a more rigorous, multifactor assessment of the fairness, adequacy, and reasonableness of a proposed class action settlement; "the standard for preliminary approval is far less demanding." Id. at 444 n.7; see Girsh v. Jepson, 521 F.2d 153, 156-57 (3d Cir. 1975).

## III.     DISCUSSION

### A.  Class Certification

Plaintiffs seek to certify conditionally the following Proposed Class for settlement purposes:

> All persons who participated in the Plan at any time during the Class Period [March 26, 2015 through the date of this Order], including any Beneficiary of a deceased Person who participated in the Plan at any time during the Class Period, and any Alternate Payee of a Person subject to a [Qualified Domestic Relations Order] who participated in the Plan at any time during the Class Period.

(Doc. No. 30 at 2; Settlement Agreement ¶ 1.45, Doc. No. 30-2.)   Defendants and their

beneficiaries are excluded from the settlement class.  (Settlement Agreement ¶ 1.45.)

The Proposed Class must satisfy the requirements of Rule 23(a) and at least one of the three subsections of Rule 23(b).

### Rule 23(a) Requirements

Federal Rule of Civil Procedure 23(a) requires that the four following factors be satisfied by any proposed class:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Here, the Proposed Class satisfies each of these requirements.

First, the Proposed Class contains more than 7,000 members, making "joinder of all members [] impracticable."  Fed. R. Civ. P. 23(a)(1); (Doc. No. 30 at 17; Gyandoh Decl. ¶ 50, Doc. No. 30-2); see also In re Modafinil Antitrust Litig., 837 F.3d 238, 249-50 (3d Cir. 2016) ("Generally if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40, the first prong of Rule 23(a) has been met") (quoting Stewart v. Abraham, 275 F.3d 220, 226-27 (3d Cir. 2001)).

Second, "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2); see also Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 350 (the claims of the class must "depend upon a common contention … of such a nature that it is capable of classwide resolution"). Questions common to the Proposed Class include: (1) whether Defendants were Plan fiduciaries; (2) whether Defendants breached their fiduciary duties; (3) whether Plaintiffs suffered injury; and (4) whether the Class is entitled to damages.  (Compl. ¶ 39; Doc. No. 30 at 17-18; see In re Schering-Plough Corp. ERISA Litig., No. 03-1204, 2008 WL 4510255, at *4 (D.N.J. Jan. 31, 2008) (common questions in ERISA litigation included "whether defendants were fiduciaries;

whether defendants breached their duties to the Plan by failing to conduct an appropriate investigation … and whether the Plan suffered losses"); see also In re Ikon Office Solutions, Inc., 191 F.R.D. 457, 464 (E.D. Pa. 2000) (common questions in ERISA litigation included "whether the defendants acted as fiduciaries"); Moore v. Comcast Corp., 268 F.R.D. 530, 535 (E.D. Pa. 2010) (common questions in ERISA litigation included "whether defendants were fiduciaries of the Plan and whether defendants breached their fiduciary duties by allowing the Plan to invest in the Company Stock Fund.").

Third, the proposed Class Representatives' claims are typical of the Proposed Class.  Fed. R. Civ. P. 23(a)(3).  "The typicality inquiry is intended to assess whether the action can be efficiently maintained as a class and whether the named plaintiffs have incentives that align with those of absent class members so as to assure that the absentees' interests will be fairly represented." Baby Neal for & by Kanter v. Casey, 43 F.3d 48, 57 (3d Cir. 1994).  "The typicality requirement … 'centers on whether the interests of the named plaintiffs align with the interests of the absent members.'"  Moore, 268 F.R.D. at 535 (quoting Stewart, 275 F.3d at 227).  Here, the Class Representatives' claims are typical of the Proposed Class because Defendants' alleged breaches of fiduciary duties harmed all Class Members similarly.  See In re Schering Plough Corp. ERISA Litig., 589 F.3d 585, 599 (3d Cir. 2009); In re Ikon Office Solutions, Inc., 191 F.R.D. at 465 ("[T]he appropriate focus in a breach of fiduciary duty claim is the conduct of the defendants, not the plaintiffs."); In re Schering-Plough Corp. ERISA Litig., 2008 WL 4510255, at *7.

Finally, Plaintiffs are adequate Class Representatives because they are Class Members and do not have any identifiable "intra-class" conflicts" precluding them from defending the Class's interests.  Fed. R. Civ. P. 23(a)(4); (Compl. ¶ 40; Doc. No. 30 at 19); Dewey v. Volkswagen Akteingesellschaft, 681 F.3d 170, 184 (3d Cir. 2012).  Moreover, proposed Class Counsel have

substantial experience with class actions and ERISA litigation, and their performance to date confirms their adequacy.  (Gyandoh Decl. ¶¶ 39-49, Doc. No. 30-2.)

### *Rule 23(b) Requirements*

The Proposed Class must also satisfy at least one of the three subsections of Rule 23(b).  Plaintiffs seek to certify the Class under Rule 23(b)(1)(B) or alternatively under 23(b)(1)(A).

These claims may be certified under Rule 23(b)(1)(B) because prosecuting separate actions would create a risk of adjudications that "as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications."  Fed. R. Civ. P. 23(b)(1)(B).  "[G]iven the nature of an ERISA claim which authorizes plan-wide relief, there is a risk that failure to certify the class would leave future plaintiffs without relief."  In re Ikon Office Solutions, Inc., 191 F.R.D. 457, 466 (E.D. Pa. 2000); Mehling v. New York Life Ins. Co., 246 F.R.D. 467, 476 (E.D. Pa. 2007) ("Because Plaintiffs are alleging a breach of fiduciary duty, any findings as to Defendants' alleged breach in an individual suit will affect the interests of Plan participants not parties to the suit.").

Certification is also appropriate under Rule 23(b)(1)(A) because "inconsistent or varying adjudications with respect to individual class members … would establish incompatible standards of conduct for the party opposing the class."  Fed. R. Civ. P. 23(b)(1)(A).

In sum, the Proposed Class meets all Rule 23 requirements.  Accordingly, solely for the purpose of settlement in accordance with the Settlement Agreement, and pursuant to Rule 23(a) and Rule 23(b)(1), I will certify conditionally the Proposed Class.

### B.  Class Counsel

Having considered proposed Class Counsel's substantial litigation experience and the Rule 23(g)(1)(A) factors, I will appoint Capozzi Adler, P.C. as Class Counsel.  (Doc. No. 30 at 20-21);

see Fed. R. Civ. P. 23(c)(1)(B); 23(g).  As set out in Plaintiffs' Motion for Preliminary Certification of Settlement Class and related declarations, Class Counsel has extensive experience and has worked diligently to litigate Plaintiffs' claims, including conducting substantial discovery and reaching the pending Settlement Agreement.  (Doc. No. 30 at 20-21; Gyandoh Decl. ¶¶ 39-49, Doc. No. 30-2.)

### C.  Preliminary Approval of the Settlement Agreement

The final approval of a class action settlement requires a finding that the settlement is fair, adequate, and reasonable.  Walsh v. Great Atl. & Pac. Tea Co., 726 F.2d 956, 965 (3d Cir. 1983). At the preliminary approval stage, however, I am required to determine only whether "the proposed settlement discloses grounds to doubt its fairness or other obvious deficiencies."  Mehling v. New York Life. Ins. Co., 246 F.R.D. 467, 472 (E.D. Pa. 2007) (quoting Thomas v. NCO Fin. Sys., No. 00-5118, 2002 WL 1773035, at * 14 (E.D. Pa. July 31, 2002) (unduly preferential treatment of class representatives, excessive attorney compensation, and the unreasonableness of the proposed settlement are "obvious deficiencies").  I must also consider whether: "(1) the negotiations occurred at arm's length; (2) there was sufficient discovery; (3) the proponents of the settlement are experienced in similar litigation; and (4) only a small fraction of the class objected."  In re General Motors Corp. Pick-Up Fuel Tank Prods. Liab. Litig., 55 F.3d 768, 785-86 (3d Cir. 1995).

### Terms of Settlement

Upon review of the record and settlement documents, and after a hearing, the Proposed Settlement and Plan of Allocation appear fair and suffer from no "obvious deficiencies."  Mehling, 246 F.R.D. at 472; see also In re Ikon Office Solutions, Inc., Securities Litig., 194 F.R.D. 166, 194 (E.D. Pa. 2000) ("Approval of a plan of allocation of a settlement fund in a class action is governed by the same standards of review applicable to approval of the settlement as a whole: the distribution

plan must be fair, reasonable and adequate.") (internal citation omitted).  The Settlement provides for a cash payment of $950,000.00—less Class Counsel's fees and costs, incentive payments to Class Representatives, and administrative fees—paid into a Qualified Settlement Fund.  (Doc. No. 30 at 1-2; Settlement Agreement, Doc. No. 30-2; Plan of Allocation, Doc. No. 30-2.)  This payment will be allocated in proportion to the sum of Class Members' Plan balances as compared to the sum of the total balance for all Class Members.  (Plan of Allocation.)  For Class Members with active accounts, their payments will be allocated into their accounts.  (Id.)  The Settlement Administrator will pay Class Members without active accounts by check.  (Id.)

In exchange, the Class Members will release and dismiss with prejudice all claims related to this action against Defendants and Defendants' insurers.  (Settlement Agreement.)

Under the terms of the Settlement, Class Counsel will apply for up to 33 1/3% of the settlement amount (no more than $316,635.00 in fees and $50,000.00 in costs).  (Doc. No. 30 at 2; Gyandoh Decl. ¶ 37, Doc. No. 30-2.)  Class Counsel will also apply for a service incentive payment of no more than $10,000.00 per Class Representative.  (Id.)  Although I will consider arguments as to the fairness of the proposed compensation before final approval, I find that these amounts are not facially unreasonable.  See In re Linerboard Antitrust Litig., No. 98-5055, 2004 WL 1221350, at *19 (E.D. Pa. June 2, 2004) ("[T]he amount requested, $25,000, is comparable to incentive awards granted by courts in this district and in other circuits."); In re Ikon Office Solutions, Inc., Securities Litig., 194 F.R.D. at 194 ("Percentages awarded [for attorneys' fees] have varied considerably, but most fees appear to fall in the range of nineteen to forty-five percent. The median in class actions is approximately twenty-five percent, but awards of thirty percent are not uncommon in securities class actions.").

### *Other Factors*

The Parties conducted substantial discovery, including document production related to the merits of the case and the Class's potential recovery, and depositions of the Class Representatives. (Gyandoh Decl. ¶¶ 3-18.)  Class Counsel also consulted experts during its initial investigation. (Id. at ¶ 3.)  "Thus, the parties have conducted sufficient discovery to estimate the merit and value of the Plaintiffs' case against [Defendants] and reach a reasonable settlement."  Gates v. Rohm & Haas Co., 248 F.R.D. 434, 444 (E.D. Pa. 2008).  Finally, as I have discussed, counsel in this matter is experienced and well-versed in ERISA class action litigation.

Accordingly, the Settlement and Plan of Allocation is preliminarily approved as fair, reasonable, and adequate; free of collusion to the Class Members' detriment; and within the range of possible final judicial approval.

**D.  Class Notice**

I "must direct notice in a reasonable manner to all class members who would be bound by [the proposed settlement]."  Fed. R. Civ. P. 23(e)(1)(B).  To satisfy due process, "notice to class members must be reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  Mehling v. New York Life Ins. Co., 246 F.R.D. 467, 477 (E.D. Pa. 2007) (quotation omitted).

The Proposed Settlement Notice Plan satisfies the requirements of Rule 23(e) and due process and is otherwise fair and reasonable.  (Doc. No. 30 at 13-15; Settlement Agreement, Doc. No. 30-2.)  The Proposed Notice adequately informs Class Members of, *inter alia*, the subject of the lawsuit, the terms of the settlement, where to find additional information, and details of the final fairness hearing, including how to present objections.  See Mehling, 246 F.R.D. at 477 ("[N]otice must inform class members of (1) the nature of the litigation; (2) the settlement's general terms; (3) where complete information can be located; and (4) the time and place of the

fairness hearing and that objectors may be heard.") (quotations and citations omitted).

I will appoint JND Legal Administration to administer the Settlement and disseminate the Class Notice. As provided in the Settlement Agreement, costs and expenses will be paid out of the Qualified Settlement Fund.

### E. Settlement Fairness Hearing

I will conduct a hearing on final approval and fairness of the Settlement on Monday, July 11, 2022 at 1:00 p.m. in Courtroom 14A at the United States District Court for the Eastern District of Pennsylvania, James A. Byrne United States Courthouse, 601 Market Street, Philadelphia, PA 19106. At the fairness hearing, I will consider, *inter alia*, whether: (1) the Proposed Settlement is fair, reasonable, and adequate; (2) I should approve finally the Proposed Settlement; (3) I should approve awards of attorneys' fees and costs—which are not to exceed $316,635.00 and $50,000.00 under the terms of the Settlement Agreement—to Class Counsel; (4) incentive awards should be awarded to the Class Representatives, and in what amount; and (5) I should enter a final judgment terminating this litigation.

## IV.    CONCLUSION

For the reasons discussed above, Plaintiffs' Motion will be granted

*        *        *

**AND NOW**, this 10th day of March, 2022, upon consideration of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, Preliminary Certification of Settlement Class, Approval of Class Notice, Approval of Plan of Allocation, and Scheduling a Fairness Hearing (Doc. No. 30), as well as arguments presented at the March 2, 2022 Preliminary Approval Hearing, it is hereby **ORDERED** that Plaintiffs' Motion (Doc. No. 30) is **GRANTED** as follows:

1. This matter is **CERTIFIED conditionally** for settlement purposes as a class action on

   behalf of the following individuals:

   All persons who participated in the Plan at any time during the Class Period [March
   26, 2015 through the date of this Order], including any Beneficiary of a deceased
   Person who participated in the Plan at any time during the Class Period, and any
   Alternate Payee of a Person subject to a [Qualified Domestic Relations Order] who
   participated in the Plan at any time during the Class Period.  Excluded from the
   Settlement Class are Defendants and their Beneficiaries.

2. Carlos Nesbeth, Amit Godambe, Jenny Gallery, Misty Howell, and Micah Webb are

   **APPOINTED** as Class Representatives;

3. The law firm Capozzi Adler, P.C. is **APPOINTED** as Class Counsel;

4. The Settlement Agreement (Doc. No. 30-2) and Proposed Plan of Allocation (<u>Id.</u>) are

   **APPROVED preliminarily**;

5. The Proposed Settlement Notice Plan (Doc. No. 30-2) is **APPROVED**;

6. JND Legal Administration is **APPOINTED** as the Settlement Administrator and shall

   **PROVIDE** Class Notice and otherwise **ASSIST** in administration of the Settlement

   Agreement, as provided in the Settlement Agreement and Plan of Allocation;

7. Defendants, through the Plan's Recordkeeper, shall **PROVIDE FORTHWITH** Class

   Data to Class Counsel and the Settlement Administrator;

8. The Settlement Administrator shall **SEND** to all Class Members by first-class U.S. mail

   **and**, if available, e-mail the Class Notice and any necessary Election Forms **no later**

   **than** **Monday, April 11, 2022** and otherwise follow the Notice provisions in the

   Settlement Agreement and Plan of Allocation;

9. Class Counsel shall **MOVE** for attorneys' fees and costs and a service award for the

   Class Representatives **no later than** **Thursday, May 12, 2022**;

10.  The Settlement Administrator shall **FILE**, **no later than** **Thursday, May 12, 2022**, a

declaration confirming that the Class Notice and other required documents were sent to the Class;

11.  Any Class Member who wishes to object to the Settlement Agreement, the Plan of Allocation, the Request for Service Awards for the Class Representative, or Class Counsels' Motion for Attorneys' Fees and Costs, or otherwise be heard concerning this Settlement shall **FILE** an Objection with the Court.  The Objection must be postmarked **no later than** **Friday, June 10, 2022**.  The Objection must set forth: (1) the Objector's name and contact information; (2) the name and address of Objector's counsel (if represented); (3) a written statement of any objections to the Settlement; and (4) the signature of the Objector (or his or her attorney).  Any Class Member who fails to make his or her objection in this manner shall be deemed to have **WAIVED** such objection;

12. Plaintiffs shall **FILE**, **no later than** **Thursday, May 12, 2022**, their Motion for Final Approval and all supporting documents;

13.  A hearing on final approval and fairness of the Settlement shall be held on **Monday, July 11, 2022 at 1:00 p.m.** in Courtroom 14A at the United States District Court for the Eastern District of Pennsylvania, James A. Byrne United States Courthouse, 601 Market Street, Philadelphia, PA 19106;

14.  Plaintiffs' Motion to Certify Class (Doc. No. 21) is **DENIED as moot**; and

15.  Defendants' Motion for Summary Judgment (Doc. No. 23) is **DENIED as moot**.


**AND IT IS SO ORDERED.**


*/s/ Paul S. Diamond*
Paul S. Diamond, J.